*461
 
 Gardiner, J.
 

 The only question necessary to be decided is, whether the appointment of a guardian ad litem for the infant heirs of John Adam Schneider, was necessary to give the surrogate jurisdiction, so as to conclude them, by his order of sale. The precise point was decided in
 
 Bloom
 
 v.
 
 Burdick,
 
 (1
 
 Hill,
 
 134,) upon a review of all the authorities. The decision has been acquiesced in for nine years ; it has to some extent become a rule of property, and ought hot now to be disturbed except for reasons of the most satisfactory character. We think that none such have been suggested, notwithstanding the ability with which the cause has been argued.
 

 The view taken by the counsel of the defendants is, that the proceeding before the surrogate is not a suit, or in the nature of a suit, but a proceeding
 
 in rem,
 
 in which the administrator
 
 alone
 
 represents the estate ; and that jurisdiction of the subject matter involves that of the person, so far as that is necessary to the validity of the order of sale. These positions, it is supposed, are sustained by cases in other states, particularly in Pennsylvania, and by one at least in the court of the U. S. This, opinion has been formed, it seems to us, without sufficiently attending to the distinction between the laws under which those decisions were made, and the statute of this state.
 

 Thus, in
 
 McPherson
 
 v.
 
 Cunliff,
 
 (11
 
 Serg. & Rawle,
 
 429,) the property had been sold, on petition of the administrator, by order of the orphan’s court, to pay debts, and to
 
 provide
 
 for the
 
 maintenance
 
 of
 
 minor children,
 
 of which the plaintiff, who sought to repudiate the sale, was one. It was held that under the peculiar and exclusive power of the orphan’s court, as a court of record, established by the constitution, an order of sale was in the nature of a proceeding in chancery, of which the petition of the administrator was the bill, and in which, by the
 
 act
 
 of the
 
 assembly,
 
 he is the
 
 sole
 
 party representing the estate.
 
 (Id.
 
 433.)
 

 The doctrine and language of the court in this case was adopted by the learned judge who pronounced the opinion of the U. S. court in
 
 Grignon’s lessee
 
 v.
 
 Astor,
 
 (2
 
 How.
 
 319,) in reference to proceedings under a statute of Michigan, the first section of which declared “ that upon
 
 representation
 
 of the m-
 
 *462
 
 sufficiency of the goods of an intestate to pay his debts—the same
 
 being made to appear
 
 to the court—the said court was authorized to empower and license the administrator to make a sale of all or a part of the real estate of the intestate: and that the administrator, by virtue of such license, should by deed convey the same title as the decedent in his lifetime could have conveyed.”
 

 In the first case above cited, the application was in behalf of the infant; the administrator acting as guardian by statute. In the second, the unequivocal language of the first section of the act, vested in the court jurisdiction to make the
 
 order
 
 of
 
 sale,
 
 upon the facts stated in the representation being made to appear. The mode of proof and of giving notice, prescribed by a subsequent section, pertained to the exercise of jurisdiction, after it was acquired, and was held to be directory merely. The distinction between the statutes referred to in these cases, and our own, is obvious. According to the 23d section of the law of 1813, the surrogate, by the presentation of the account, does not acquire jurisdiction to direct a sale, but only to make orders for the appearance of parties interested. These orders are in the nature of process; and to them his authority is limited. No amount of proof would justify an order of sale until the necessary measures, prescribed by law, were adopted to secure the appearance of the infant heirs and devisees, and to bring in the other parties in interest. In a word, the act recognizes an interest in the infant heir or devisee in the land sought to be sold, and provides, in substance, that they shall not be deprived of it, without appearing and an opportunity of being heard by their guardian.
 

 ■ The administrator is not, therefore, the sole representative of the real estate of the decedent, in these proceedings. He is the moving party in behalf of creditors. His object is by a special proceeding before a court of limited jurisdiction, to turn the real estate into personalty, with a view to the payment of debts. The heir has the right to contest his allegations, and show that no such necessity exists. The right is a most important one; and one which the statute effectually secures to him. The 31st section declares that, in
 
 all cases,
 
 when a petition shall be pre
 
 *463
 
 sented by an administrator, &c. for the sale of real estate, and one or more of the heirs or "devisees of such testator or intestate shall be infants, the surrogate
 
 shall appoint
 
 a substantial freeholder a guardian for the sole purpose of
 
 appearing
 
 for, and taking care of the interest of such infants in the proceedings therein. The statute is imperative, and leaves nothing to the discretion of the surrogate. The proceeding gives a right to litigate, between parties, in a court of justice, and is therefore a suit. (2
 
 Pet.
 
 249.) It is one by which the infant heir may be deprived of his inheritance, and to which he is an adversary and necessary party, with a right by his guardian to represent and defend his own interest. It is, therefore, as essential that the surrogate should acquire jurisdiction of the person of the heir, to conclude his rights by an order of sale, as it is of the property which is the subject of it.
 

 The case of
 
 Gilman
 
 v.
 
 Thompson,
 
 (11
 
 Verm. R.
 
 643,) to which we are referred, only proves that under the express provision of a statute to that effect, (1
 
 Laws of Vermont,
 
 63,) the court acquires jurisdiction of the real estate and person of a non-resident defendant, by the levy of an attachment upon his property, and filing a copy of the writ and the return in the office of the county clerk. This is very, far from being an authority to show that jurisdiction of the person is unnecessary.
 
 Ludlow’s Heirs
 
 v.
 
 Wade,
 
 (5
 
 Ohio,
 
 504,) only decides that a proceeding of this character was not a suit, within the saving clause of a repealing statute, which related only to suits which could be carried to
 
 final judgment
 
 and enforced by
 
 execution. (Id.
 
 508.) It obviously was not a suit of that description. The case is by Implication an authority for the plaintiffs; for if the proceeding was not a suit, in any received sense of that term, a criticism upon the language of the statute would have been unnecessary.
 

 If, however, the adjudications in other states, to which reference has been made, conflicted with that of
 
 Bloom
 
 v.
 
 Burdick,
 
 which is not the case, we should notwithstanding adhere to that decision. Public policy demands that the safeguards which the legislatures have provided for the protection of the helpless against negligence, oppression and fraud, should be maintained. In the case before us, the eldest of the plaintiffs was but seven
 
 *464
 
 years of age when these proceedings were instituted, m a foreign state, to divest him and his co-heirs of their inheritance. Letters of administration were applied for and obtained on the same day with the order to show cause. The premises were sold in J anuary, by arrangement with the administrator, to his bail, and in February following conveyed by quit-claim to the administrator himself. No fraud is imputed. The proceedings were probably all fair, but they would have,been at least equally satisfactory, if they had been supervised by a “substantial freeholder,” acting as guardian for these phildren, “ for the sole purpose of appearing for and taking care- of their interest.” The judgment must be affirmed. •
 

 Judgment affirmed.-