FRANK JENKINS, Plaintiff, *v.* JOHN YOUNG and ANTHONY LE FEVER, Defendants.

*Sale of real estate to pay the debts of a deceased person — 1863, chap. 362, sec 6 — 1850, chap. 82, sec. 1 — the failure to appoint a guardian for an infant does not deprive the Surrogate's Court of jurisdiction.*

The plaintiff, as one of the heirs-at-law of William Jenkins, deceased, brought this action to recover the possession of land of which Jenkins was seized at the time of his death. The defendant claimed title to the premises under a sale made pursuant to an order of the Surrogate's Court, directing such sale

to be made to pay the debts of the deceased. It appeared that the proceedings in which the order was made were, in all respects, regular and as required by the statute, except that no guardian was appointed for the plaintiff, who was then a minor, of the age of eighteen years.

*Held,* that as it appeared that the order to show cause was personally served upon the plaintiff, as required by section 6 of chapter 362 of 1863, the failure to appoint a guardian for him on the return day did not deprive the Surrogate's Court of jurisdiction over the proceedings, or render the sale made therein subject to be attacked and defeated in a collateral proceeding, as the sale was, by section 1 of chapter 82 of 1850, to be treated as being as valid and effectual as if made by the order of a court having original general jurisdiction.

*Bloom* v. *Burdick* (1 Hill, 130). *Schneider* v. *McFarland* (2 N. Y., 459); *Havens* v. *Sherman* (42 Barb., 636), *Chandler* v *Northrop* (24 id., 129) distinguished.

Motion by the plaintiff for a new trial, on exceptions taken at the Ontario Circuit, and ordered to be heard at the General Term, in the first instance.

*John D. Lyman,* for the plaintiff.

*Frank Rice,* for the defendants.

Bradley, J. :

The action is ejectment to recover the possession of land of which William Jenkins died seized in September, 1863. The plaintiff is one of his heirs, and as such seeks to recover. The alleged defense is that the land was sold pursuant to an order of the Surrogate's Court of Ontario county, to pay the debts of Wiliam Jenkins, deceased, and that the defendant derived title through the purchase at such sale. It appears that, in June, 1871, proceedings were instituted by the administrator, etc., of the decedent, before such surrogate, and that they were in all respects regular and as required by the statute for the purposes in view, except that no guardian was appointed for the plaintiff, who was then a minor of the age of eighteen years. The only question is, whether that omission rendered the proceedings and sale void. The trial court held it did not, and directed a verdict for the defendant. The statute in force when they were had provided, that minors should be served with the order to show cause, and special guardians appointed for them in the same manner as citations were required to be served and special guardians appointed on the proof of wills (Laws 1863, chap. 362, § 6), which provided that service should be made on the

persons interested, and if any one is a minor under the age of four-teen years, service should also be made on his father, mother or guardian, and if there should be none within the State, then upon any person having the care and control of such minor, or with whom he resided, or in whose service employed. (Laws of 1837, chap. 460, § 8, as amended by Laws of 1863, chap. 362, § 1.) The order to show cause was personally served upon the plaintiff. On the return day of the order to show cause, or before taking any further proceedings, it was the duty of the surrogate to appoint a special guardian for the plaintiff to take care of his interests. (Id.)

The failure to appoint guardians for infants in such cases under former statutes, was held to be a jurisdictional omission, and to render the proceedings and sale void as against them. (*Bloom* v. *Burdick*, 1 Hill, 130; *Schneider* v. *McFarland*, 2 N. Y., 459.)

The proceedings referred to in those cases were had under 1 Revised Laws of 1813, page 454, chapter 79, which required the appointment of guardians for infants on the presentation of the petition. (Sec. 31.) Such was the requirement of 2 Revised Statutes, 100, section 3, and no change was made in that respect by the Laws of 1837, chapter 460.

The appointment of a guardian for an infant was a preliminary requisite to the making and service of the order to show cause and to bring him into court. And, therefore, the court was not permitted to, and could not acquire jurisdiction of the person of the minor without pursuing such initiatory prescribed method of providing for service on him. The later statutes, before referred to, have removed such preliminary requisite and have directed service of the order to show cause on the minor over fourteen years of age, in the same manner as upon an adult. He is in like manner brought into court, and the proceeding is commenced. And it is thereafter that the guardian must be appointed to enable him to be heard and for the preservation of his rights. While omission to make such appointment is error and renders the proceedings irregular and voidable, the question whether it goes to the juris-diction so as to render them invalid, and subjects them to defeat from collateral attack, requires further consideration.

The general rule is that a statute providing for proceedings, having the effect to divest title to property, must, in all material

respects, be strictly pursued to render such result effectual. (*Cruger* v. *Dougherty*, 43 N. Y., 107; *Merritt* v. *Portchester*, 71 N. Y., 309.)

A judgment of a court having general jurisdiction is not rendered void by the failure to appoint a guardian *ad litem* of an infant defendant who has been served with process, but is voidable only (*McMurray* v. *McMurray*, 66 N. Y., 175; *Austin* v. *Charlestown Female Seminary*, 8 Metc., 196; S. C., 41 Am. Dec., 497; *Porter* v. *Robinson*, 3 A. K. Marshall, 253; S. C., 13 Am. Dec., 153; *Joyce* v. *McAvoy*, 31 Cal., 273), and his remedy is by direct proceeding to reverse or set it aside. The reason is, that by the service upon him of the proper process, in the manner prescribed by law, jurisdiction of his person is acquired, and the omission to appoint for him a guardian is a defect or irregularity merely in the action or proceeding. This failure to proceed as directed may ordinarily have a greater and an invalidating effect upon statutory special proceedings. But, by "an act for the protection of purchasers of real estate upon sales by order of surrogates," it is provided that such sales "shall be deemed and held to be as valid and effectual as if made by order of a court having original general jurisdiction; and the title of any purchaser at any such sale made in good faith shall not be impeached or invalidated by reason of any omission, error, defect or irregularity in the proceedings before the surrogate, or by any allegation of want of jurisdiction on the part of such surrogate; except in the manner and for the causes that the same could be impeached or invalidated in case such sale had been made pursuant to the order of a court of original general jurisdiction." (Laws of 1850, chap. 82, § 1.)

As before remarked, jurisdiction was obtained of the person of the plaintiff by the service, which appears to have been properly made on him, of the order to show cause. And by the statute last referred to, the effect to be given to the proceeding and sale, was the same as that which results from the direction of a court of original jurisdiction as applied to a matter within such jurisdiction. And as a consequence the proceeding and sale were not void, but voidable, and cannot be successfully attacked collaterally by means of an action of ejectment.

This question did not necessarily arise in *Havens* v. *Sherman* (42 Barb., 636.) In the proceeding there under consideration the

time to show cause, as directed by the order, between. that of its issue and return day, was less than the statute permitted (2 R. S., 101; § 5), which was held fatal for want of jurisdiction. The court there also remarked that the omission to appoint guardians for the infant heirs would render the sale void, and cited the *Bloom* and *Schneider* cases (*supra*). It will be observed that the proceedings and sale in question, in *Havens* v. *Sherman*, were had under the statute prior to that of 1863, before referred to, and when the appointment of guardians in such cases was to be made on the presentation of the petition, or before any further proceedings were had, and that such remark of the court may have been applicable to that case and not necessarily so to the one at bar. And the same may be said of *Chandler* v. *Northrop* (24 Barb., 129). The doctrine of those cases is the familiar proposition that where a statute prescribes the mode of acquiring jurisdiction, it must be strictly pursued, or the proceeding is void and must fall for want of it.

These views are in harmony with that expressed in *Matter of Becker* (28 Hun, 207), and lead to the conclusion that the motion for new trial should be denied, and judgment ordered for the defendant on the verdict.

LEWIS, J., concurred; HAIGHT, J., not voting.

Motion for new trial denied, and judgment ordered for the defendant on the verdict.