## HAVENS *vs.* SHERMAN.

Where an administrator, who was at the same time the general guardian of ‸the infant heirs of his intestate, applied, in his character as administrator, to the surrogate, for leave to sell .the real estate of the deceased, to pay debts, and thereupon the ʻsurrogate proceeded, without appointing any guardian for the infants, to make an order for all persons interested in the estate to show cause, within four weeks, why the application should not be granted, and subsequently, without any appearance of the infants, made an order of sale, and confirmed the sale made by the administrator ; *Held* that the surrogate did not obtain jurisdiction of the subject matter and of the persons of the infants ; and that the proceedings and sale were void.

*Held, also,* that the surrogate could not shorten the time mentioned in the statute, for showing cause, without losing jurisdiction. That this was not an irregularity, and therefore was not cured by the act of March 23, 1850, "for the protection of purchasers of real estate upon sales made by order of surrogates." (*Laws of* 1850, *ch.* 82.)

APPEAL from a judgment ordered at the‧ circuit, on a trial before the court without a jury. The action was ejectment, brought by the plaintiff as one of the heirs at law of Sylvanus B. Havens, deceased, to recover the undivided half of certain premises situate in the county of Suffolk. The defendant claimed title to the premises under proceedings had before the surrogate, upon the application of Caleb S. Loper, the administrator of the deceased, for an order to sell the real estate of the deceased to pay debts. On the trial the plaintiff introduced in evidence a deed from Maltby G. Cartwright and Hannah his wife, to Sylvanus B. Havens, dated June 6, 1846, embracing the land in dispute, for the consideration of $460. It was admitted that Sylvanus B. Havens died in possession of this property in 1847, leaving only two children, the plaintiff and Nathaniel M. Havens, his heirs at law, and that the defendant is in possession of the premises described in his answer. The plaintiff waived her claim for mesne profits, and rested. The defendant gave in evidence letters of guardianship issued by the surrogate of Suffolk county, bearing date respectively the 4th of January, 1848, appointing Caleb S. Loper general guardian, &c.

of Frances M. Havens, the plaintiff, then a minor, aged five years, on the first day of September, 1847, and of Nathaniel M. Havens, then a minor, aged seven months on the 22d day of December, 1847. Also letters of administration of the goods, chattels, and credits, &c. of Sylvanus B. Havens, deceased, dated January 17, 1848, issued by the surrogate of said county, to Caleb S. Loper, the general guardian of the children of said deceased. Also, the proceedings before the surrogate, relating to the 'sale of the real estate of the deceased, for the payment of his debts, from the files of the surrogate's office in said county. From these proceedings it appeared that on the 2d day of October, 1848, Loper, as administrator, presented a petition to the surrogate praying for authority to sell the real estate of the deceased, for the payment of his debts. This petition stated, among other things, that the deceased left two children, who were still infants, for whom the petitioner was guardian. On the presenting of this petition, an order was made on the 16th of October, 1848, by the surrogate, requiring all persons interested in the estate of the deceased to show cause before him, on the 18th day of November, then next, why the prayer of the petition should not be granted. On the day for showing cause, on proof of the publication of the above order, an order was made by the surrogate, directing the administrator to sell the real estate of the deceased, including the premises in question, to enable him to pay the debts of the deceased. On the 23d day of January, 1849, Loper made his report of sale, to the surrogate, by which it appeared that he had sold one portion of the premises to Calvin M. Griffin, for $219.37, and another portion to Thomas Bebee, for $133. The sale was thereupon confirmed by the surrogate, by an order dated January 24, 1849, and the administrator was ordered and directed to execute conveyances to the purchasers, respectively. It did not appear from any of these proceedings that any guardian was appointed for the infant heirs, to protect their rights. The defendant proved the execution of a deed from Loper,

the administrator, to Calvin M. Griffin, dated the 23d of February, 1849, for the premises sold to him, setting forth the last mentioned two orders, and embracing the premises described in the complaint. Also a deed from Calvin M. Griffin and wife to Sineus Conkling, dated March 1, 1849, conveying the said premises. Also a deed from Sineus Conkling and wife to Henry P. Havens, dated March 13, 1849, for the same premises. Also a deed from Henry P. Havens and wife to James H. Sherman, the defendant, dated January 8, 1855, for the said premises. The defendant rested. The plaintiff called Orville Ackerly, who testified: "I am a clerk in the office of the surrogate of Suffolk county, and have access to these records. I have made search for papers relating to the estate of Sylvanus B. Havens, deceased, and have found only this bundle of papers and this book of records of real estate proceedings, on surrogates' sales. I can not find any notice of intention, nor any proof of the service on the minor heirs of any notice of intention to apply to the surrogate for the order to show cause, nor any order appointing a guardian ad litem for them, before or after petition for sale. The only appointment is that of Loper, in 1848. I find no proof of service of the order to show cause, except the affidavit of publication, which has been read. This book produced now, is the book of records of the proceedings on sales of real estate. This book and the bundle of papers are all there are in the office, I have been able to find, relating to the estate of Sylvanus B. Havens." The testimony being closed, the justice filed his decision, by which he determined and adjudged that the plaintiff was the owner of and entitled to recover the one undivided half part of the premises described in her complaint, and to have and to hold an estate in fee therein, and that she recover the same with her costs. He placed his decision upon these grounds, viz: In the petition of the administrator to the surrogate for the usual authority to sell the real property, he stated that the intestate left two children, one of them of the age of five

years, and the other of the age of five months, for whom the administrator says he is guardian. The infancy of the plaintiff and her brother was therefore a fact patent upon the face of the proceedings. It affirmatively appeared by the evidence that no guardian was appointed for the infants, to appear for them and take care of their interests in the proceedings, as required by the statute. It was insisted that the surrogate therefore acquired no jurisdiction of the person of the infant children of the intestate; and that the proceedings were void and the grantee and purchaser at the administrator's sale acquired no title.

*Wm. Wickham,* for the appellant.

*S. L. Gardiner,* for the respondent.

*By the Court,* J. F. BARNARD, J. The application to sell the real estate of Sylvanus B. Havens, deceased, to pay his debts, was made by Loper *as his administrator.* (2 *R. S.* 100.) It could not be made in his character of guardian for the infant heirs of the deceased. Had there been no general guardian, the surrogate was at once and before taking a further step, required to appoint a guardian to appear and take care of their interests, in the proceedings. If the infants had a general guardian in the county of the surrogate, such general guardian was required by statute to appear and take care of the interests of the minor. (2 *R. S.* 101–6.) Here the administrator, Loper, was the general guardian of the infants, and the surrogate proceeded, without making any appointment of guardian for the infants, to make an order for all persons interested in the estate to appear and show cause why the application should not be granted at a point of time about four weeks from the making of the order. The statute requires this order to show cause, to be not less than six nor more than ten weeks from the making of the order; and the case thus presents two important questions: First. Were the infants entitled to a guardian to appear

Havens *v.* Sherman.

and take care of their interests, other than the administrator? Second. If they were not, did the surrogate obtain jurisdiction of the persons of the infants, under the order to show cause at a time less than six weeks from the making thereof?

The case of *Bloom* v. *Burdick,* (1 *Hill,* 130,) is a clear authority that if the infants' lands had been sold without appointing a guardian for the infants, the sale would be void; and that case is approved in *Schneider* v. *McFarland,* (2 *Comst.* 459.) By the application to sell, as administrator of the deceased, Loper became antagonistic to the infants. "The proceeding gives a right to litigate between parties in a court of justice, and is therefore a suit. (2 *Pet.* 249.) It is one by which the infant heir may be deprived of his inheritance, and to which he is an adversary and necessary party, with a right by his guardian to represent and defend his own interest." (2 *Comst.* 459.) Did these infants have this right? The only person who could appear for them was their antagonist. He did not appear for them. No one else was appointed to appear. The statutes have been so read as to deprive these infants of the appointment of a person to defend their rights, which the statutes in the strongest terms give them. I do not think, therefore, the surrogate got jurisdiction to make the order to show cause. Nor could he shorten the statute time, without losing jurisdiction. It is not an irregularity, and therefore is not cured by the *Laws of* 1850, *p.* 117. The petition, appointment of a guardian for infants, and the order to show cause not less than six weeks nor more than ten weeks, are all necessary to obtain jurisdiction of the subject matter and of the persons of the parties interested. A defect in this is vital, and all subsequent proceedings void.

I think the judgment should be affirmed, with costs.

Judgment affirmed.

[Kings General Term, December 12, 1864. *Lott, Scrugham* and *J. F. Barnard,* Justices.]