Augustus Lathers and another, by Abraham Van Epps, their Guardian, v. Frothingham Fish, Executor.

(General Term, Third Department, June, 1871.)

An infant cannot, by himself or by his guardian, submit a controversy, under section 372 of the Code.

R. H. Cushney, for the plaintiff.

F. Fish, for the defendant.

Present—Potter, P. J., Parker and Learned, JJ.

By the Court—Learned, J. This is a case agreed upon under section 372 of the Code. The object is to obtain instructions to the executor under the will of his testator, relative to the payment and discharge of a certain mortgage. The case is agreed upon by the executor, on the one side, and by Abraham Van Epps, who is called "guardian for the infant plaintiffs," on the other. No objection is made by either party to the decision of the case by the court, and it is submitted on printed points.

Two objections, however, suggest themselves to the court, upon an examination of the papers.

1st. There is nothing in the statement showing that Abraham Van Epps is the guardian of the infants, except that he

so styles himself in the affidavit.    There is, therefore, nothing in the statement which shows that he has any authority in relation to the matter in dispute.

2d.  But even if he be the guardian of the infants, he has no power to agree on a case in their behalf.   A case thus agreed upon is in effect an admission of the truth of certain facts, substantially in the same manner as if they were admitted in pleadings in an action.   It is a well known principle, that no guardian in an action is to be allowed to make admissions in behalf of infants.   Whenever infants are parties to an action, the facts must be proved against them.   But the making of a case under section 372 is an agreement as to the truth of the facts, upon which the court is to decide the law.   Infants are not competent to make such an agreement; nor has their guardian any such power in their behalf.   Otherwise he might, by such an agreement, sacrifice their rights.   This is merely the application to new circumstances of a principle so elementary as to need the citation of no authority.   *Fisher* v. *Stilson* (9 Abb., 33) is, however, directly in point.

An order should be entered, on the motion of the court declining to hear or decide the case, for the reason that neither infants nor their guardian can submit a case under section 372.

Ordered accordingly.