THOMAS STILWELL et al., Administrators, Appellants, *v.* ELIZABETH SWARTHOUT et al., Administrators, etc., Respondents.

Statutory proceedings to divest title to real estate must be strictly pursued; and a substantial departure from the requirements of the statute renders the proceedings void.

Where in proceedings by administrators for the sale of real estate to pay debts, the order of the surrogate directing persons interested in the estate to show cause, etc., is made returnable in less time than that required by

Statement of case.

statute (2 R. S. 101, § 5.), *i. e.*, six weeks from the time of making the order, it shows a want of jurisdiction fatal to its validity, and all proceedings founded thereon are void.

The rights of infant defendants in such proceedings cannot be waived by failure to make the objection.

Where in such proceedings an order was made appointing a guardian for infants, but it did not appear that he consented to or did act, or that he had notice of his appointment; but on the contrary it appeared that he acted as counsel for the claimant in the proceedings, *held*, that even if his appearance for the infants would have constituted a waiver, his consent at least was essential.

An omission on the part of the administrators to make a report of sale to the surrogate, and to obtain an order confirming the report prior to a conveyance to the purchaser at the sale, is also a fatal defect.

These defects are not cured by the provisions of the act "for the protection of purchasers of real estate upon sales made by order of surrogate." (§ 3, chap. 82, Laws of 1857, as amended by chap. 260, Laws of 1869.)

Where such proceedings are legal, and the sale under them valid, the fund realized is under the control and within the exclusive jurisdiction of the surrogate ; to reach it, proceedings may be instituted before that officer to compel a report of the administrators, the distribution of the fund and the payment of any lawful demand.

An action, therefore, cannot be maintained to reach the fund in the hands of the administrators.

After a sale had been made by order of the surrogate in such proceedings, which were void because of the defects above specified, the administrators procured certain mortgages to be foreclosed, and title was then obtained in favor of the purchaser under the surrogate's order. The fund remaining after payment of the mortgages was paid over to the administrators. In an action brought to reach such fund and to compel its application to alleged demands against the estate, to which the administrators and the heirs-at-law were made parties, *held*, that the administrator could not be held liable, as the fund represented real estate and belonged to the heirs-at-law, subject to the widow's right of dower, and was held by the administrators, not in that capacity, but as trustees for said owners ; that the action could not be sustained as one against the heirs, to compel them to pay plaintiff's debt from the surplus, as they can only be made liable in the manner prescribed by the statute (2 R. S. 109, § 53), and not unless it be made to appear that the deceased left no personal assets out of which the debt can be collected, or that the personal assets have been disposed of and appropriated toward its payment.

Also *held*, that plaintiffs were not entitled to specific relief on the ground that the action is *in rem* for equitable relief, as the remedy of the plaintiffs had not been exhausted at law.

(Argued March 16, 1880 ; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts appear in the opinion.

*John J. Van Allen* for appellants. The order to show cause having been duly served upon all the parties, and they having appeared at the time it was returnable, without objection, are estopped from denying that it was irregular, and that the surrogate had no jurisdiction. (*Dykeman* v. *The Mayor, etc., of New York*, 1 Seld. 434; *Matthews* v. *Hand*, 8 Johns. 50; *Griswold* v. *Stewart*, 4 Cow. 458; *Van Sternburg* v. *Bigelow*, 3 Wend. 42; *Smith* v. *Elder*, 3 Johns. 113; *Sheldon* v. *Wright*, 1 Seld. 497; *Jackson* v. *Irwin*, 10 Wend. 442; *Jackson* v. *Crawford*, 12 id. 533; *Jackson* v. *Robinson*, 4 id. 436; *Bloom* v. *Burdick*, 1 Hill, 130.) Even if the whole proceeding before the surrogate was void for want of jurisdiction, the demands of plaintiff's intestate were not barred by the statute of limitations. (Code of Proc., § 97; Code of Civ. Proc., § 388; *Jones* v. *Merchants' Bank of Albany*, 4 Rob. 221; 6 id. 162; *Bruce* v. *Tilson*, 25 N. Y. 194; *Roberts* v. *Sykes*, 30 Barb. 173; *Wood* v. *Wood*, 26 id. 356; *Lawrence* v. *Trustees of Leak*, 2 Den. 577; *Bidwell* v. *Astor Mutual Ins. Co.*, 16 N. Y. 263; *Clinton* v. *Eddy*, 37 How. 23; 54 Barb. 54; *Sands* v. *St. John*, 36 Barb. 628; *Voorhies* v. *Voorhies*, 24 id. 150; *Esselstyn* v. *Weeks*, 2 Kern. 635; *Waltermire* v. *Westover*, 4 id. 20, 21; *Demarest* v. *Wynkoop*, 3 Johns. Ch. 146; Tyler on Inf. and Cov. 170, 171; *Mills* v. *Dennis*, 3 Johns. Ch. 367; *Jackson* v. *Whitlock*, 1 Johns. Cas. 213; *Hyde* v. *Stone*, 7 Wend. 334; 2 R. S. 448, § 8; *Sanford* v. *Sanford*, 62 N. Y. 353; 2 R. S. 452; id. 109, § 53; Dayt. on Surr. 600, 601; *Farrington* v. *King*, 1 Bradf. Sur. 20; *Wilcox* v. *Wilcox*, 26 Barb. 334; 2 R. S. 448, § 8; 1 Den. 151; *Kent* v. *Kent*, 62 N. Y. 560; Tiff. & Bull. on Trusts and Trustees, 715, 716, 717, 718; *Lytle* v. *Beveridge*, 58 N. Y. 592; *Michoud* v. *Girod*, 4 How. [U. S.] 61; *Lindsay* v. *Lindsay*, 1

Des. 150 ; *Carr* v. *Bob.*, 7 Dana, 417 ; *Blue* v. *Patterson*, 1 Dev. & Batt. 457 ; *Bird* v. *Ingraham*, 1 Ired. Eq. 196 ; Angell on Lim., ch. 16 ; 2 Vern. 342; *Coster* v. *Murray*, 5 Johns. Ch. 522–531 ; *Medlicott* v. *O'Donel*, 1 Ball & Beatty, 166.) If the sale was originally invalid, it was validated by the mortgage foreclosure, and in any event the proceeds of the sale in excess of the mortgages and costs of foreclosure must be treated the same as surplus moneys arising from such sale under the mortgages, and must be regarded as equitable assets in the hands of plaintiffs. (*Moses* v. *Murgatroyd*, 1 Johns. Ch. 119 ; *Plaunket* v. *Penson*, 2 Atk. 290 ; *Sir Charles Cox's Creditors*, 3 P. Wms. 341 ; *Freenoult* v. *Dedire*, 1 id. 429 ; *North* v. *Cox*, 3 id., n. 3 ; Tiff. & Bullard's Law of Trusts and Trustees, 150, 483 ; 1 Mad. Ch. Pr. 466 ; *Thompson* v. *Brown*, 4 Johns. Ch. 619.) The decree of the surrogate upon the final accounting, excluding the plaintiffs' claim, is no bar to this action. (*McNulty* v. *Hurd*, 72 N. Y. 518, 520 ; *Fitzpatrick* v. *Brady*, 6 Hill, 581 ; Dayton on Surr. [1st ed.] 133, 232, 234 ; *Magee* v. *Vedder*, 6 Barb. S. C. 352; *Wilson* v. *The Baptist Society*, 10 id. 308 ; *Disosway* v. *Bank of Washington*, 24 id. 60 ; *Andrews* v. *Wallege*, 17 How. 263 ; *Bank of Poughkeepsie* v. *Hasbrouk*, 2 Seld. 216.)

*J. McGuire* for respondents. The sale and all proceedings anterior thereto being without jurisdiction and void, the title of the heirs to the lands of which their ancestor died seized was not divested thereby. (2 R. S. 104, §§ 3, 5 [Edm. ed.] ; *Havens* v. *Sherman*, 42 Barb. 636 ; *Woods* v. *McChesney*, 40 id. 417; *Sheldon* v. *Wright*, 7 Barb. 43–44; 5 N. Y. 497; 42 Barb. 636; 33 id. 177; 13 Wend. 465.) The mortgages being foreclosed after the death of the mortgagor, the surplus does not pass to the administrators as assets, but goes to the heir-at-law as part of the realty, and in which the widow is dowable. (1 Johns. Ch. 119; 10 Paige, 496; 2 Sandf. 561; 7 Cow. 71.) The action cannot be maintained either against the heirs or administrators, jointly or severally. The statute of limitations is a defense to both. (*Bucklin* v. *Chapin*, 1

Lans. 444; *Reynolds* v. *Collins*, 3 Hill, 37; *Bloodgood* v. *Bruen*, 8 N. Y. 362; *Whitmore* v. *Force*, 1 Denio, 159.) Upon the facts stated in the complaint, and upon the proof, this action cannot be sustained to reach the property of the heirs, viz.: the surplus arising from the sale of the lands. (2 R. S. 472, § 33; 4 W. D. 412; 2 R. S. 472, § 96; *Selover* v. *Coe*, 63 N. Y. 438; 3 id. 61; 11 Paige, 515; 9 id. 45.)

*Per Curiam.* The plaintiffs in this action seek to reach a fund which it is alleged was in the hands of defendants, Elizabeth Swarthout, administratrix, and Henry D. Barto, administrator of Addison Swarthout, deceased, and to compel its application to the payment of alleged demands against said estate. The other defendants are the heirs-at-law and next of kin of the intestate. It is claimed that the money in question was received upon a sale of the real estate of the intestate for the payment of his debts, and should be applied to the liquidation of the plaintiffs' demands.

It appears that after the sale by order of the surrogate, the proceedings were regarded as void and were abandoned, and the administratrix and administrator procured certain mortgages to be foreclosed, and title was thus obtained in favor of the purchaser under the surrogate's order. The fund remaining after payment of the mortgages was paid over to the representatives named, and constitutes the subject of this controversy.

The first question presented is as to the validity of the proceedings before the surrogate to sell the real estate. The order to show cause why authority should not be given to sell was made upon the 25th of January, and returnable on the 2d day of March following. The statute (2 R. S. 101, § 5) requires that the surrogate shall make an order directing all persons interested to appear at a time and place to be specified, not less than six nor more than ten weeks from the time of making the same, to show cause why authority should not be given to sell, etc. The order was returnable nearly a week less than the time provided for, and, therefore, was not in accordance with the statute. It went to the foundation of the entire proceeding, and

showed a want of jurisdiction on its face, which was fatal to its validity. The rule is quite well established that in a proceeding to divest title to real estate, the statute must be strictly pursued; any substantial departure from its requirements renders the proceeding void. (*Havens* v. *Sherman*, 42 Barb. 636.) The defect was not merely an irregularity, but one of a jurisdictional character. It is claimed that the defendants, being parties, were in a position to allege the error on appeal from the surrogate's decree in case they had raised the objection before the surrogate. The rights of the infant defendants could not, we think, be waived by a failure to make the objection. (*Lathers* v. *Fish*, 4 Lans. 213; *Lefevre* v. *Laraway*, 22 Barb. 167.) Although an order was made appointing a guardian to appear for the infants, there is no proof that he consented to or did act, or even that he had notice of his appointment. On the contrary, the evidence shows that he acted as counsel for the claimant in the proceedings. His consent was essential, at least, if his appearance for the infants would constitute a waiver, and, under the circumstances, the defect was not obviated. The authorities cited to sustain the position that the parties, not having objected, cannot afterward, in a collateral action, impeach the proceedings on account of any defect, under the facts presented, are not in point.

. It also appears that no report of sale was made to the surrogate by the administrators, and that there was no order confirming the report prior to the conveyance by the administrators to the purchasers at the sale, which is also a fatal defect. (*Rea* v. *McEachron*, 13 Wend. 465.) The defects referred to are not cured by the provisions of chapter 82 of the Laws of 1850, as amended by chapter 260 of the Laws of 1869.

In view of the failure to comply with the statute, the administratrix and administrator were fully justified in abandoning the proceedings for the sale of the real estate. But assuming that they were valid, as claimed, the fund realized from the sale was under the control and within the jurisdiction of the surrogate; and to reach the same, proceedings may have been instituted before that officer to compel a report by the

administrators and the distribution of the fund and the payment of any lawful demand. Such being the case, the surrogate's jurisdiction was exclusive, and the fund being within his control, that fact would be a bar to the present action.

If, however, the fund in question was not a proper subject for distribution by the surrogate, as the avails of the sale of the real estate, the question arises whether it can be reached in an equitable action. The plaintiffs' counsel insists that it must be treated as surplus moneys arising upon a foreclosure sale, and regarded as equitable assets in the hands of the administratrix and administrator, and thus became a trust fund for the benefit of Swarthout's creditors. There are difficulties in enforcing this rule in the case at bar. The money represented real estate, and belonged to the heirs-at-law, subject to the widow's right of dower. The fund was not held by the administratrix and administrator in that capacity, but as trustees for the owners. It belonged to the latter, and the owners alone are answerable for its proper disposition and appropriation. Although the administrators are parties, the action is really against the heirs, to compel them to pay the plaintiffs' debt from the surplus realized upon the foreclosure sale of the real estate. They can only be made liable in the manner prescribed by the statute, and unless it be made to appear that the deceased left no personal assets within this State to be administered upon, out of which the debt can be collected, or that the personal assets have been disposed of and appropriated toward the payment of the demand. (2 R. S. 452, § 33; chap. 110, S. L. of 1859; *Selover* v. *Coe*, 63 N. Y. 438.) It is not shown that the personal assets were insufficient for that purpose, or that the remedy to collect the demand had been exhausted in the surrogate's court or in any other manner.

The failure thus to seek redress according to the statute precludes the plaintiffs from enforcing their claim against the heirs-at-law in this action; and, as we have seen, the administratrix and administrator, as such, cannot be held liable, as the fund is not under their control as representatives of the estate. For the reasons stated, the authorities which are cited and relied

upon to sustain this action, as one to reach equitable assets for the payment of debts, have no application to the facts presented.

Nor are the plaintiffs entitled to specific relief on the ground that the action is *in rem* for equitable relief, and not *in personam;* for, as is manifest, the preliminary proceedings had not been pursued according to law to collect the claim out of the personal estate, as was the case in some of the authorities relied upon in reference to this point. (*Wood* v. *Wood*, 26 Barb. 365; *Elwood* v. *Deifendorf*, 5 id. 398, 413.) The remedy of the plaintiffs had not been exhausted at law, and they were not, therefore, in a position to claim the interference of a court of equity upon any such ground.

Most if not all of the demands of the plaintiffs are the subject of controversy, and it is claimed they are barred by the statute of limitations; but as the judgment should be affirmed for the reasons stated, we do not deem it necessary to determine these questions. Nor, with the views entertained, is it important to consider some other points urged by the appellant's counsel on the argument.

The judgment should be affirmed.

All concur; EARL, J., concurring in result.

Judgment affirmed.