CHARLES JENKINS, PLAINTIFF, v. JOHN YOUNG AND ANTHONY LE FEVER, DEFENDANTS.

*Sale of real estate of an intestate — invalid as to an heir-at-law not named in the petition or notified — to what defects section 2 of chapter 82 of 1850, and section 3 thereof, as amended by section 1 of chapter 92 of 1872, do not apply — what facts do not justify the presumption of death.*

In an action of ejectment, brought by one of the heirs-at-law of one Jenkins, who died intestate in 1863, it appeared that the defendants claimed under a sale of the intestate's real estate made pursuant to an order of a surrogate in 1871. In the petition for the order directing the sale, which was made by the administrator, the name of the plaintiff in the present action was not mentioned, nor was any notice of the proceedings given to him.

*Held,* that the failure to mention the name of the plaintiff in the petition, or to give him notice of the proceedings, invalidated the sale.

That the said omissions were not such omissions or defects as were embraced within the intent of section 2 of chapter 82 of 1850, providing that no such sale "shall be invalidated, nor in any wise impeached, for any omission or defect in any petition of any executor or administrator," etc.

That the plaintiff's right to maintain the action was not taken away by section 1
of chapter 92 of 1872, amending section 3 of chapter 82 of 1850, which provides
that no such sale "shall be invalidated, nor in any wise impeached, * * * after
a lapse of five years from the time of such sale, where the notice of such sale has
been published for six weeks successively before the day of such sale, although
such publication may not have been for the full period of forty-two days."

That this act was not intended to operate as a general limitation of the time
within which such an action as the present one might be brought, but only to
bar after five years actions brought to invalidate a sale because of the defect in
publication, particularly referred to in the act.

In an affidavit used in March, 1871, to show the service of a citation to show
cause why an administrator of Jenkins' estate should not be appointed, it was
stated that "it was reported that the said Charles Jenkins (the plaintiff)
was dead by his friends and that his last place of residence could not be
ascertained."

*Held,* that this did not justify the surrogate in presuming that he was dead in the
proceedings instituted before the surrogate for the sale of real estate.

MOTION by the plaintiff for a new trial on exceptions taken at the
Ontario circuit, and ordered to be heard at the General Term in the
first instance.

The action was in ejectment to recover one undivided fifth part of
certain premises. William Jenkins died intestate in September,
1863, seized of the entire premises, leaving the plaintiff and four
others his heirs-at-law. The land was sold on the 27th day of October,
1871, pursuant to an order of the surrogate of Ontario county, for
payment of the debts of the intestate. The petition instituting the
proceedings for the sale was made by the administrator of William
Jenkins and omitted the name of the plaintiff.

The proceedings in other respects were in compliance with the
statute. The defendant Young claims title as a subsequent grantee
under that sale, and the defendant Le Fever was his tenant in pos-
session when the action was commenced. The plaintiff claims title
to the one-fifth part of the premises as heir of William Jenkins,
and that the proceedings before the surrogate and the sale were
ineffectual to divest his title. The requisite publication of the
notice of sale was had. The trial court directed a verdict for the
defendants, and the plaintiff's counsel excepted.

*John D. Lynn*, for the plaintiff.

*E. W. Gardner*, for the defendant.

BRADLEY, J.,

The omission of the name of the plaintiff in the petition was a defect. The statute provided that the petition shall set forth " the names and ages of the devisees, if any, and of the heirs of the deceased." (2 R. S., 100, § 2.)

By that statute the defect was jurisdictional and the proceedings and sale did not have the effect to divest the plaintiff of his title, and he was entitled to recover unless by some statute the defect was in some manner obviated or his remedy defeated. (*Ackley* v. *Dygert*, 33 Barb., 176; *Stilwell* v. *Swarthout*, 81 N. Y., 109.)

By Laws of 1850 (chap. 82, § 2) it was provided that no such sale " shall be invalidated nor in anywise impeached for any omission or defect in any petition of any executor or administrator under the provisions," etc. This provision is broad enough in terms to reach any omission, but whether it was designed or should be construed to include the omission of a necessary party to the proceeding, whose title is to be divested by the sale, is the question here. The proposition is fundamental and constitutional, that a person cannot be deprived of his property without due process of law. (Const., art. 1, § 6.) That includes an opportunity to be heard afforded by notice, actual or constructive. (*Rockwell* v. *Nearing*, 35 N. Y., 302; *Campbell* v. *Evans*, 45 id., 356; *Happy* v. *Mosher*, 48 id., 313; *In re Beebe*, 20 Hun, 462.)

The statute provided that on the presentation of the petition, etc., the surrogate should make an order directing all persons interested to show cause before him at a time and place specified, not less than six and not more than ten weeks thereafter, why the prayer of the petition should not be granted; that the order be published four weeks in a newspaper of the county and served personally on the heirs, etc., residing in the county, fourteen days before such specified time; and if such personal service could not be made, or if they resided in the State and not in the county, it be served personally forty days, or published four successive weeks in the State paper; and if they did not reside in the State, six weeks in the State paper, or be served personally forty days before the time appointed to show cause. And that on proof of such service the surrogate shall proceed, etc. (2 R. S., 101, §§ 5, 6, 7 8.)

In the proceeding in question, the plaintiff was not made a party

by the petition, and the notice required by the statute was not in any manner given him, and therefore no jurisdiction of his person was acquired. The necessity of making him a party in the proceeding and giving him such notice as the statute prescribed cannot be obviated or dispensed with by legislation, and the act of 1850 will not be so construed as to have that effect. (*Havens* v. *Sherman*, 42 Barb., 636 ; *People ex rel. Witherbee* v. *Supervisors*, 70 N. Y., 228 ; *Owners, etc.,* v. *Mayor*, 15 *Wend.*, 374 ; *Bloom* v. *Burdick*, 1 Hill, 130.) If the administrator may have been treated as the representative of the heirs, it may be that the statute may have removed the necessity of serving on them and caused the omission to do so. But in the proceeding he cannot be treated as their representative in any legal sense. The administrator in the proceeding to sell land of his intestate to pay the debts, represents the creditors and proceeds in hostility to the heirs. (*Schneider* v. *McFarland*, 2 N. Y., 459.) If the statute might have the effect to cure the omission of the plaintiff's name in the petition, it clearly could not dispense with the necessity of notice of the proceeding. It follows that the sale was not effectual to pass the plaintiff's interest in the land sold. And the remaining question is whether his remedy is defeated. This depends upon the construction of Laws of 1872 (chap. 92, § 1), amending Laws 1850 (chap. 82, § 3), which provides that no such sale shall be " invalidated, nor in any wise impeached, * * * after a lapse of five years from the time of such sale where the notice of such sale has been published for six weeks successively before the day of such sale, although such publication may not have been for the full period of forty-two days." It was within the power of the legislature to limit the time within which the remedy must be sought, and thus to bar it subsequently to the expiration of such time. If this statute is construed as one of such limitation it may be in the way of the plaintiff's recovery. (*Acker* v. *Acker*, 81 N. Y., 143.) And the repeal of that statute by Laws of 1880, chapter 245, would not have the effect to restore the remedy. (*Shriver* v. *Shriver*, 86 N. Y., 580, 581 ; *Girdner* v. *Stephens*, 1 Heiskell, 280 ; 2 Am. R., 700 ; *Yancy* v. *Yancy*, 5 id., 353 ; 13 Am. R., 5 ; *Rockport* v. *Walden*, 54 N. H., 167 ; 20 Am. R., 131.)

But that provision of the act of 1872 does not seem to have been

designed as a *general* limitation of time for remedy against an invalid sale of property. It was intended to bar after five years an attack upon a sale founded upon the defect referred to in the publication of the notice of the sale. This purpose is fairly indicated by the other provisions of the section. The object of the several provisions of this section was to cure and overcome defects and informalities in the proceedings. The statute provided that the notice of sale be published in a newspaper six weeks successively. (2 R. S., 104, § 25.) And that provision was entitled to the construction which required six full weeks or forty-two days between the first publication and the time of sale. And the legislature, by the provision referred to of the act of 1872, sought to relieve against the defect in the publication of a notice of sale and make it effectual after five years, when it had in fact been published for six weeks successively, although, or when less time than forty-two days had intervened between that of the first publication and the sale, and for that purpose the remedy depending upon that question was confined to five years. This purpose might have been more clearly expressed than it is, but in view of all the provisions of the acts referred to, and particularly of this section, it sufficiently appears to fairly show that such was the legislative intent, although a literal interpretation may be given to this provision standing alone of broader import. Such intent is the controlling guide to the construction of a statute when it can be ascertained from its provisions and apparent purpose as a whole. This matter of notice of sale has no importance in a collateral proceeding or action. When the tribunal has acquired jurisdiction of the subject-matter and parties, the proceedings in other respects are not subject to collateral attack. This provision was wholly unnecessary for the purposes of protecting those claiming under such a sale in an action of ejectment either by or against them. It would be treated in such case as an irregularity, which could be available only in a direct proceeding to set aside the sale. And it would seem that this was the remedy sought to be defeated after five years, rather than a limitation of the time within which an action must be brought to recover the possession of lands sold and conveyed by virtue of a void proceeding. Such limitation of the right to recover the possession of lands and thus defeat a title can hardly be said to have been designed to be made an exception to all legislation on

## 574 JENKINS v. YOUNG.

the subject of the limitation of actions relating to and affecting title to such property. It seems to us that it would be unreasonable to take such a view of this statute, or to give it a construction or effect beyond that of obviating the defective publication of sale so as to deny a remedy based upon that after the prescribed time. The system of statutes for protection of purchasers embraced in Laws of 1850 (chap. 82), and those amendatory, of 1869 (chap. 260), 1872 (chap. 92) and 1878 (chap. 129), were deemed necessary and properly so, to give more confidence in titles derived from those sales, to aid them by presumption and shift the burden of proof on those seeking to impeach them, and to disregard and overcome irregularities and informalities and even some defects which may have been deemed jurisdictional to the extent to which the provisions could be deemed to apply, but they have not been construed to overcome essential jurisdictional omissions which substantially affect and defeat the opportunity of those interested in the property to be heard.

But it is contended by the defendants' counsel that the surrogate had the right to assume that the plaintiff was not living when the proceeding was commenced, because in the affidavit made in March, 1871, of service of a citation to show cause why an administrator should not be appointed, it was stated that "it was reported that the said Charles Jenkins (the plaintiff) was dead, by his friends, and that his last place of residence could not be ascertained." This was not sufficient to permit the presumption of his death in the proceeding in question.

The view taken of this case, as presented by the evidence, leads to the conclusion that the motion for a new trial should be granted, costs to abide event.

BARKER and CORLETT, JJ., concurred; HAIGHT, J., not sitting.

Motion for new trial granted, with costs to abide the event.