## O'CONNOR et al. v. HUGGINS.

(*Supreme Court, General Term, First Department.* May 18, 1888.)

1. EXECUTORS AND ADMINISTRATORS — ISSUANCE OF LETTERS OF ADMINISTRATION—JURISDICTION OF SURROGATE.

Letters of administration, granted in Richmond county, N. Y., recited that the decedent "lately departed this life intestate, being, at or immediately previous to his death, an inhabitant of Lawrenceburgh, in the state of Indiana, leaving assets unadministered in the county of Richmond." They appeared to have been granted upon an affidavit which stated that the decedent "died possessed of certain personal property in the state of New York, the value of which did not exceed $1,000." *Held*, that it could be inferred from the affidavit and recitals in the letters that the personal property was situated in Richmond county; that there was enough before the surrogate to call upon him to determine whether or not the property of the de-

cedent was so situated as to require him to issue letters of administration. There-
fore he had jurisdiction of the subject-matter, and his action cannot be collaterally
impeached.

2. SAME — SALE OF LAND BY ADMINISTRATOR — WHEN ORDER TO SHOW CAUSE IS RE-
TURNABLE.
An order to show cause why an administrator should not be authorized to sell
land was made returnable 71 days from the date on which it was granted. The stat-
ute prescribed that the return-day should not be less than six nor more than ten
weeks from the date of the order. *Held,* the excess of one day did not invalidate
the sale. Distinguishing *Stilwell* v. *Swarthout,* 81 N. Y. 109.

3. SPECIFIC PERFORMANCE — WHEN GRANTED—TITLE IN VENDOR BY ADVERSE POSSES-
SION.
Where the vendor proves a good title to the property by adverse possession for
over 30 years, the vendee is not at liberty to refuse to take title.

Appeal from special term, New York county; MILES BEACH, Justice.

The defendant, John P. Huggins, appeals from a judgment directing him
to specifically perform a contract for the purchase of four lots of land situated
at the south-west corner of One Hundred and Sixteenth street and Grand
boulevard, in the city of New York, and to pay the balance of the agreed price.
Plaintiffs, Thomas H. O'Connor and Catharine Carrigan, sue as the executors
of Andrew Carrigan, deceased; and the contract sued on was a purchase of
property of the estate at executors' sale.

Argued before VAN BRUNT, P. J., and MACOMBER and BARTLETT, JJ.

*Francis B. Chedsey,* for appellant.    *Charles E. Miller,* for respondents.

BARTLETT, J.    The property which is the subject-matter of this action was
formerly owned by Isaac F. Craft, who died in the state of Indiana in the
year 1845.    On March 20, 1850, letters of administration upon the estate of
the said Isaac F. Craft were granted to Richard M. Pell by the county judge
of Richmond county, in this state, acting as surrogate.    Subsequently the
same officer made an order authorizing such administrator to sell certain prop-
erty belonging to his intestate, situated in the city of New York, and embrac-
ing the premises to which this litigation relates.    The plaintiffs derive their
title through the sale which the administrator made pursuant to this order.
The defendant objects to the title—*First,* on the ground that the appointment
of Pell as administrator was void for want of jurisdiction to make it; and,
*secondly,* on the further ground that the order directing the sale by the ad-
ministrator was void, because the order to show cause, upon which it was
based, was made returnable one day later than the time prescribed by statute.

Neither of these objections is well taken.    The letters of administration re-
cite that "Isaac F. Craft lately departed this life intestate, being, at or imme-
diately previous to his death, an inhabitant of Lawrenceburgh, in the state of
Indiana, leaving assets unadministered in the county of Richmond."    These
letters appear to have been granted upon an affidavit which stated that Craft
died possessed of certain personal property in the state of New York, the value
of which did not exceed the sum of about $1,000.    Taking this affidavit in
connection with the recital in the letters themselves, it may fairly be inferred
that this personal property was actually situated in Richmond county, in
which case the surrogate's court clearly had the jurisdiction which it assumed
to exercise.    From all the proof in the present case, we are satisfied that there
was enough before the surrogate of Richmond county to call upon him to de-
termine whether or not the property of the deceased intestate was so situated
as to authorize him to issue letters of administration.    This gave him juris-
diction, and, although he may have erred in the conclusion which he reached,
that error is not available in the present action.    A surrogate is vested with
jurisdiction to grant administration upon the estates of deceased persons;
and, where a person is actually dead, that officer possesses power over the
general subject-matter. *Roderigas* v. *Institution,* 76 N. Y. 316, 321. He has a
right to act, says Chief Judge CHURCH in the case cited; and, although he

acts erroneously, his action cannot be impeached collaterally. "He may commit an error as to inhabitancy, which would be sufficient to reverse his decision, but not sufficient to render it void from the beginning, for the reason that he had power to act upon the subject."

The order to show cause why the administrator should not be authorized to sell was made on November 18, 1850. The statute prescribed that the return-day should be not less than six weeks, and not more than ten weeks, from the time of making such order. The order was, in fact, made returnable on January 28, 1851, being 71 days from the date on which it was granted. The appellant contends that this error in the computation of the time made the subsequent order of sale absolutely void; and, in support of this proposition, he cites the case of *Stilwell* v. *Swarthout*, 81 N. Y. 109. In that case a similar order was returnable nearly a week less than the time prescribed by statute, and the error was held to be fatal to the sale. The defect was declared to be not merely an irregularity, but one of a jurisdictional character; and the court applied the familiar rule that, in a proceeding to divest the title to real estate, the statute must be strictly pursued, and any substantial departure from its requirements would render the proceeding void. But we think there is a radical difference between shortening the time by an entire week, and lengthening it by a single day. In the first case the parties entitled to notice have been deprived of the opportunity which the further lapse of time would have given them to learn of the pendency of the proceeding by which their rights might be affected. In the second case it is impossible to see how they can have been harmed. In our opinion, therefore, the mistake in question here was not such a substantial departure from the requirement of the statute as to compel the court to declare the proceeding void on that account. But, independently of the questions which have thus far been considered, the plaintiffs proved upon the trial a good title to the premises in suit by adverse possession for more than 30 years. We have carefully examined the evidence on this branch of the case, and think it was clear enough to justify a direction to a jury to find in favor of the plaintiffs on this ground alone. Under these circumstances, the defendant is not at liberty to refuse to take title. *Shriver* v. *Shriver*, 86 N. Y. 575; *Ottinger* v. *Strasburger*, 33 Hun, 466. The judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and MACOMBER, J., concurring.