The CHIEF JUSTICE
 

 delivered the opinion of the court.
 

 In cases where the jurisdiction of the courts of the United States depends upon the character of the parties, as it no doubt does in this, the facts upon which it rests must, of course, somewhere appear in the record. They need not necessarily, however, be averred in the pleadings. It is sufficient if they are in some form affirmatively shown by the record.
 

 Here the parties have, by stipulation and agreement placed on file and made part of the record, admitted that the cause was brought to the Circuit Court by transfer from a State court in accordance with the statutes in such case provided. By the same stipulation it is made to appear that all the original files in the cause had been destroyed by fire. True the stipulation refers specially to pleadings alone, but in this court, after what has occurred below, it may with great propriety be assumed that it was intended to include all papers and entUes in the cause.
 

 
 *327
 
 The parties, after this destruction, asked to supply the pleadings. Neither party seems to have considered-that anything else was necessary. Each, apparently admitting jurisdiction, seemed anxious to get ready for trial. They were permitted to file copies of the lost declaration and plea and thus make up their issues. The record now before us contains none of the lost files, but is made up of the stipulation above stated, the substituted pleadings, and the proceedings thereafter.
 

 We
 
 have then a case before us upon error in which the record presented shows upon its face that part of the files in the cause were destroyed before tbe record was made, and that neither one of the parties has considered it necessary to have them supplied. The question arises, therefore, whether under such circumstances we are confined to what is in terms expressed upon the record sent to us, or whether we may resort to presumptions to give effect to what is expressed.
 

 We
 
 are reviewing the action of another court and are to determine whether or not there is error in what it has done. The restoration of the lost files was not absolutely necessary to support the jurisdiction of that court. Having been once there the court is presumed to know their contents and is permitted to act upon that knowledge. Parol proof, too, is admissible to aid the memory of the court.
 

 Consent of parties cannot give the courts of the United States jurisdiction, but the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission.
 

 Here the parties have put into the record their joint admission that the cause was transferred to the Circuit Court from a State court, and that the evidence of the transfer which was once among the files has been destroyed. They have asked the court to act upon this admission and proceed with the cause. The court did proceed. The fair presumption from all this is that it was then within the knowledge of the parties and the court that there had been on the files in the cause everything which the statute required to be
 
 *328
 
 there to complete the transfer, and that the appearance and admission of the parties was expected and intended to have all the force and effect which a restoration of the papers could have. If, therefore, with these papers in the record the jurisdiction would appear, the judgment ought not to have been arrested, and there is, consequently, no error.
 

 We are then permitted to inquire what the lost papers would have shown if they had been incorporated into the record, and for that purpose may presume they contained all that the law required they should.
 

 To obtain the transfer of a suit, the party desiring it must file in the State court a petition therefor and tender the required security. Such a petition must state facts sufficient to entitle him to have the transfer made. This cannot be done without showing that the Circuit Court would have jurisdiction of the suit when transferred. The one necessarily includes the other. If upon the hearing of the petition it is sustained by the proof the State court can proceed no further. It has no discretion and is compelled to permit the transfer to be made. The petitioning party is then required to file in the Circuit Court copies of the process, and of all pleadings, depositions, testimony, and other proceedings in the State court. This includes the proceedings by which the transfer was effected, and these, as has been seen, must show the facts necessary to give the Circuit Court jurisdiction.
 

 Such are the papers which we are to presume were filed in this cause, and from what has occurred the conclusion is irresistible that they must have contained all that was necessary to justify the court in accepting the transfer. This it need not have done unless the jurisdiction was apparent. Either party upon the filing of the papers could have moved to remand, or the court itself, without a motion, could have sent the case back if the jurisdiction did not appear. As both the court and the parties accepted the transfer, it cannot for a moment be doubted that the files did then contain conclusive evidence of the existence of the jurisdictional facts.
 

 
 *329
 
 This ends the case. With the lost files in the record, we should see that the court had the right to permit the parties to litigate before it as they did.
 

 There is here no question of a restoration of lost records.. This record has never been lost. It was not made until after the fire. The litigation was pending when that calamity occurred. What has been lost is part of the files which, when the time arrived to make up a record, would have been incorporated into it. What we have to consider is whether in the record as made their loss has been supplied. We think it has by the recorded acts of the parties and their stipulation.
 

 Judgment affirmed.