**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Elizabeth A. PRICE, Defendant—**
**Appellant.**

No. 00–10151.
D.C. No. CR–99–00166–CRB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 2001.

Decided May 8, 2001.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RAWLINSON, Circuit Judges.

### MEMORANDUM [*]

Elizabeth A. Price appeals her jury conviction and sentence for perjury and for making false statements for use in determining rights to social security benefits, in violation of 18 U.S.C. § 1621 and 42 U.S.C. § 408(a)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I. *Validity of District of Columbia Divorce Decree*

■ Price is collaterally estopped from challenging the jurisdictional basis of her District of Columbia divorce decree in the context of this criminal proceeding. Although subject matter jurisdiction is generally not a waivable defense, the parties may admit to facts sufficient to confer jurisdiction. *Railway Co. v. Ramsey,* 22 Wall. 322, 89 U.S. 322, 327, 22 L.Ed. 823 (1874). By failing to respond to the divorce complaint, Price admitted the factual allegations in the complaint. *See Taylor v. Johnson,* 262 A.2d 803, 804 (D.C.App.1970)

("The effect of the entry of default is the admission of the truth of the well pleaded allegations of the complaint"). Because the divorce complaint served on Price explicitly states that Price "is a resident of the District of Columbia ... and has been such for more than six months preceding the commencement of this action," she is estopped from arguing that the divorce was entered without jurisdiction.

Price's claim that civil judgments may not be used to establish facts in a criminal case likewise fails. It is true that Price's admission of facts sufficient to confer jurisdiction applies solely to the divorce action and would not be given preclusive effect in a later criminal proceeding in which those facts were themselves at issue. But in this case, Price's domicile is not an element of the offense of perjury. *Compare United States v. Meza–Soria,* 935 F.2d 166 (9th Cir.1991) (holding that a civil deportation order is not conclusive proof of the element of alienage in a criminal prosecution under 18 U.S.C. § 1326). Thus, Price seeks not to disprove an element of the offense of perjury, but to undo the effect of the default as it applies to the District of Columbia divorce. This she cannot do.

### II. *Rule 29 Motion*

■ We also agree with the district court that the evidence was sufficient to support the conviction. The District of Columbia divorce decree provided sufficient evidence that Price was legally divorced. As to Price's knowledge of her divorce, the government presented (1) testimony from Wendy Byrd of the Social Security Administration ("SSA") that Price told her that Price was divorced; (2) a government background questionnaire completed in May of 1994 on which Price

* This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36–3.

marked "divorced" rather than "separated;" and (3) deposition testimony from a prior proceeding in which Price testified under oath that her divorce from Moran was final in 1988 (the same year the divorce judgment was entered in the District of Columbia docket). From this evidence, a reasonable jury could conclude that Price knew that she was divorced at the time she made the charged statements.

### III. Jury Instructions

■ Finally, there is nothing to indicate that the district court abused its discretion in instructing the jury on the element of materiality. First, the district court did not abuse its discretion by using the legally correct language "natural tendency to influence," rather than "propensity or capacity to influence or affect" as Price proposed. See Kungys v. United States, 485 U.S. 759, 770, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988) (recognizing that a "misrepresentation is material if it 'has a natural tendency to influence, or was capable of influencing, the decision of' the decision-making body to which it was addressed.") (emphasis added).

■ Second, by defining materiality as having the capacity to influence "decisions or activities in determining rights to payments of social security benefits," the district court simply applied the language of the Ninth Circuit model jury instruction to the facts of this case, which involved the question of whether Price's statement could have influenced the determination of whether her daughter was entitled to payments of social security benefits. See Model Crim. Jury Instr. 9th Cir. § 8.66 (2000 ed.) ("A statement is material if it could have influenced the agency's decisions or activities.").

■ Nor did the district court abuse its discretion in instructing the jury on the law regarding eligibility for social security benefits, given that the jury's task was to determine whether Price's statements could have influenced the SSA's decision.

■ Finally, the district court's supplemental instructions in response to the jury's requests did not, as Price contends, "place[ ] a distorting emphasis on the materiality element." Because the jury's questions were addressed to the meaning of the materiality element, the district court acted within its discretion in responding to these questions by providing repeated instructions on this element.

AFFIRMED.

■

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

