Alfred REDDING; Marci'-A Burnett; Cherry King; ISM Caldwell, Plaintiffs–Appellees–Cross–Appellants,

v.

HITACHI AMERICA, LTD., Defendant–Appellant– Cross–Appellee.

Nos. 01–16321, 01–16979, 01–16999 and 02–16653.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2003.

Decided July 14, 2003.

---

Before: HILL,* T.G. NELSON, and HAWKINS, Circuit Judges.

* Honorable James C. Hill, Senior United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation.

MEMORANDUM **

We affirm the district court's holding that diversity is lacking between Hitachi America, Ltd. ("Hitachi") and Plaintiffs. Hitachi's statement in its answer that "the citizenship of the litigants is diverse" is not a factual admission. *See Railway Co. v. Ramsey*, 89 U.S. (22 Wall.) 322, 327, 22 L.Ed. 823 (1874); *see also Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859–60 (9th Cir.1995). Instead, Hitachi's statement regarding diversity merely constitutes a waiver or stipulation which cannot form the basis for jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir.1997).

Also, the district court correctly applied the "place of operations test" as outlined in *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495 (9th Cir.2001), to find that Hitachi's principal place of business is California. While Hitachi's admission in its answer, its use of New York as its principal place of business in past diversity cases, and its listing of New York as its principal place of business in several filings with state governments are troubling, the evidence clearly indicates that Hitachi's business shifted from New York to California prior to the commencement of Plaintiffs' cases. As a result, diversity is lacking.

Just as Hitachi should not be precluded from establishing that its principal place of business has changed, it should not benefit from the representation in its answer that diversity existed. Fundamental to our decision to affirm the district court's determination is our assumption that if plaintiffs

choose to pursue these claims in state court, principles of equitable estoppel will apply. *See Mills v. Forestex Co.*, 108 Cal. App.4th 625, 134 Cal.Rptr.2d 273, 295–96 (Cal.Ct.App.2003).

The district court's order dismissing for lack of diversity jurisdiction is AFFIRMED.

---

* Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.