**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSEPH E. HOOTEN,

  Plaintiff-Appellant,

v.

IKARD SERVI GAS, d/b/a Heritage
Propane; ALLEN DIXION,

  Defendants-Appellees.

No. 12-2179
(D.C. No. 2:11-CV-00743-LH-GBW)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

Joseph E. Hooten appeals from the district court's orders dismissing his complaint without prejudice for lack of federal subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Mr. Hooten filed a complaint against his former employer, Ikard Servi Gas, d/b/a Heritage Propane, and the person who hired and fired him, Allen Dixion.[1]  The complaint's preamble "allege[d] age and disability discrimination in violation of Title VII and state law and negligent training and supervision."  Aplt. App. at 7.  After a series of factual allegations, the complaint asserted a claim of "age and disability [discrimination] in violation of [the] New Mexico Human Right[s] Act [(NMHRA)] and more particularly [N.M. Stat.] § 28-1-7A."  *Id.* at 9, ¶ 12 (italics omitted).  The complaint also set out the state-law claim for negligent training and supervision mentioned in the preamble.

Before defendants filed an answer, Mr. Hooten filed a First, Second, Third, and Fourth Amended Complaint, apparently to iron out service issues.  The First and Second Amended Complaints alleged that defendants' acts constituted age and disability discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213, and asserted the same state-law claim for negligent training and supervision as the original complaint.  In contrast, the Third and Fourth Amended complaints largely reverted back to the original complaint, asserting claims of age and disability discrimination in violation of Title VII and

---

[1]    According to defendants' answer, Allen Dixion is in fact Allen Dickson but was incorrectly referred to in Mr. Hooten's complaint.

state law in the preamble, later stating that those claims were brought under the NMHRA, and reiterating the state-law claim for negligent training and supervision. None of the five complaints mentioned the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634.

Mr. Hooten served only the Fourth Amended Complaint on defendants, and they answered it. Thereafter, the parties filed a Joint Status Report and Provisional Discovery Plan that, in relevant part, contained the parties' stipulation as to the governing law: the ADA, the ADEA, the NMHRA, and New Mexico common law. A magistrate judge issued a scheduling order setting an April 22, 2012 deadline for Mr. Hooten to amend his pleadings.

On April 23, one day after the deadline, Mr. Hooten filed a motion for leave to file his fifth amended complaint (First Motion For Leave). The proposed amended complaint asserted claims of age and disability discrimination in violation of the ADA, the ADEA, and the NMHRA. It also reiterated the state-law negligent supervision/training claim and added a new claim for retaliatory discharge under the NMHRA, Title VII, and New Mexico common law. On April 25, the magistrate judge denied the motion because it did not contain a recitation that Mr. Hooten had made a good-faith request for defendants' concurrence and therefore the motion did not comply with a provision of the court's local civil rules, 7.1(a), which states: "Movant must determine whether a motion is opposed, and a motion that omits

recitation of a good-faith request for concurrence may be summarily denied."
D.N.M.LR-Civ 7.1(a).

On May 4, 2012, Mr. Hooten filed another motion for leave to file a fifth amended complaint (Second Motion for Leave). In that motion, Mr. Hooten generally advanced reasons why his First Motion for Leave should have been granted. Defendants filed a brief in opposition. The magistrate judge denied the Second Motion for Leave because Mr. Hooten failed to make any showing of good cause for filing it twelve days after the scheduling order's April 22 deadline.

Next the magistrate judge issued a sua sponte order for supplemental briefing on whether the court had subject matter jurisdiction given that the operative complaint, the Fourth Amended Complaint, (1) asserted that the age- and disability-discrimination claims were brought under the NMHRA; (2) there was only a "fleeting and incomplete reference to a federal statute," Title VII, in the preamble, Aplt. App. at 114 n.1; and (3) Mr. Hooten indicated that his state-law claim of negligent training/supervision was independent of his discrimination claims.

After the parties responded, the magistrate judge issued proposed findings and recommended that the court dismiss the Fourth Amended Complaint for lack of subject matter jurisdiction. The magistrate judge observed that there was no allegation of diversity jurisdiction under 28 U.S.C. § 1332, as Mr. Hooten and Mr. Dickson were both New Mexico residents. As to federal-question jurisdiction under 28 U.S.C. § 1331, the magistrate judge reasoned that the preamble's passing

reference to Title VII, which does not provide a cause of action for age or disability discrimination, did not support jurisdiction. The magistrate judge rejected Mr. Hooten's request to consider other documents supporting federal-question jurisdiction: the complaint he filed with the Equal Employment Opportunity Commission, which expressly mentioned the ADA and the ADEA; his civil cover sheet, where he asserted federal question jurisdiction but gave no basis for it; and the earlier complaints that were never served on defendants. Considering such evidence, the magistrate judge said, "would appear to violate the directive that jurisdiction be determined . . . '[on] the face' of the complaint." Aplt. App. at 145-46 (quoting *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003)). The magistrate judge also considered Mr. Hooten's attempts to file a fifth amended complaint asserting discrimination claims under the ADEA and the ADA as further evidence that the Fourth Amended Complaint did not contain federal claims. Finally, the magistrate judge considered Mr. Hooten's arguments that he filed his First Motion for Leave a day after the scheduling-order deadline because the court's electronic filing (ECF) system was inoperative on the due date, which was a Sunday. The magistrate judge reminded Mr. Hooten that the First Motion to Amend was denied for failure to comply with Local Rule 7.1(a), not because it was untimely. The magistrate judge further noted that the Second Motion to Amend was denied as untimely and Mr. Hooten had made no argument in his supplemental brief that there was good cause for the delay.

Mr. Hooten timely filed objections, which the district judge overruled. The court agreed that the Fourth Amended Complaint superseded the prior complaints, so any reference to federal law in the previous complaints was irrelevant. The court further concluded that the factual references in the Fourth Amended Complaint were insufficient to invoke the "arising under" doctrine, which "requires a federal court to assert jurisdiction over a state law claim where that claim 'implicates significant federal issues.'" *Id.* at 174 (brackets omitted) (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). The court concluded that in the Fourth Amended Complaint, Mr. Hooten elected to pursue his age discrimination claim under state law, and that claim neither raised a significant issue of federal law nor depended on the construction or application of federal law for relief.

Finally, the district court concluded that the magistrate judge did not abuse his discretion in denying Mr. Hooten's First or Second Motion for Leave to file his fifth amended complaint. As to the First Motion for Leave, the court rejected Mr. Hooten's argument that Local Rule 7.1(a) conflicted with Fed. R. Civ. P. 15(a)(2), which permits a party to amend a complaint after a responsive filing "only with the opposing party's written consent or the court's leave." The court stated that the local rule only adds a requirement as to the form of the motion and the court can grant a motion for leave to amend regardless of whether it is opposed. Regarding the Second Motion for Leave, the court observed that Mr. Hooten failed to

show good cause, apparently under Fed. R. Civ. P. 16(b)(4), for filing it after the deadline in the scheduling order.

## II.    DISCUSSION

### A.    Denial of First Motion for Leave

We begin our analysis with the district court's denial of Mr. Hooten's First Motion for Leave.[2]  We review that decision for abuse of discretion.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).  Mr. Hooten makes an extensive argument that the April 22 deadline for amendment of pleadings should be tolled because the district court's ECF system was not available that day.  But untimeliness was not the basis for denying the motion, so this argument is irrelevant.

Mr. Hooten next argues that Local Rule 7.1(a) conflicts with Fed. R. Civ. P. 15(a)(2) and therefore cannot stand because Fed. R. Civ. P. 83(a)(1) requires local court rules to be consistent with federal statutes and rules.  He claims that requiring a movant to obtain the opposing party's consent to the filing of an amended complaint eviscerates a plaintiff's ability to amend with the court's leave under Rule 15(a)(2).  He also suggests that it was error to rely on noncompliance with Local Rule 7.1(a) because defendants never objected when his attorney presented them with a copy of the First Motion for Leave and the proposed Fifth Amended Complaint on April 22,

---

[2]    Mr. Hooten has not taken issue in his opening brief with the district court's denial of his Second Motion for Leave for failure to show good cause.  Therefore, he has forfeited our consideration of that ruling.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

which was the scheduling-order deadline for amendment of pleadings and one day before the First Motion for Leave was filed.

These arguments appear to rest on a fundamental misunderstanding of Local Rule 7.1(a). As the magistrate judge pointed out, the purpose of Local Rule 7.1(a) is "to promote judicial efficiency and economy by precluding the unnecessary filing of motions, responses, and orders." Aplt. App. at 76. To that end, the rule does not require the adverse party's consent but only a recitation in the motion that a good-faith request has been made for the opposing party's concurrence. The court is free to grant the motion over the adverse party's objection. We therefore conclude that Local Rule 7.1(a) does not conflict with Fed. R. Civ. P. 15(a)(2).[3] Accordingly, Mr. Hooten has not shown that the district court abused its discretion in denying the First Motion for Leave for failure to recite that a good-faith request was made for defendants' concurrence.

### B. Dismissal for lack of subject matter jurisdiction

We discern three arguments in Mr. Hooten's opening brief regarding the dismissal of his complaint for lack of subject matter jurisdiction. Our review is

---

[3] Because Mr. Hooten's argument is limited to whether Local Rule 7.1(a) conflicts with Rule 15(a)(2), we need not determine whether Fed. R. Civ. P. 16(b)(4), which requires a showing of "good cause" and a "judge's consent" for modification of a scheduling order, bears on the analysis. *See U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (noting that our circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders").

de novo. *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012).

Mr. Hooten first points to the parties' stipulation in their Joint Status Report and Provisional Discovery Plan that the controlling law was the ADA, the ADEA, the NMHRA, and New Mexico common law. Although he acknowledges the general rule that parties cannot confer jurisdiction by stipulation or consent, he claims that a court can rely on factual stipulations in order to find jurisdiction. This may be so. *See, e.g.*, *Railway Co. v. Ramsey*, 89 U.S. 322, 327 (1874) ("Consent of parties cannot give the courts of the United States jurisdiction, but the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission."). But the exception to the rule does not apply here because defendants did not stipulate to facts showing jurisdiction. Instead, they stipulated to the controlling law. It remained the province of the district court to determine whether the Fourth Amended Complaint set forth a basis for federal-question jurisdiction. Accordingly, we cannot conclude that the stipulation as to the controlling law was sufficient to establish federal-question jurisdiction.

The next argument we discern is that the district court should have considered the Fourth Amended Complaint in the context of the previous complaints in order to determine whether the claims arose under federal law. Mr. Hooten states that the citations establishing federal-question jurisdiction that were in the Second Amended Complaint (the ADA and Title VII) were inadvertently omitted through a clerical

copying error when the Fourth Amended Complaint was drafted and filed. We reject this argument. An amended pleading "supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified." *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (internal quotation marks omitted). And although "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion," Fed. R. Civ. P. 10(c), the Fourth Amended Complaint did not adopt any part of the prior pleadings by reference. Thus, the Fourth Amended Complaint superseded the prior complaints, none of which were ever served on defendants, and left the prior complaints "without legal effect," *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007). Accordingly, the district court properly confined its jurisdictional analysis to the Fourth Amended Complaint.

The final jurisdictional argument we see in Mr. Hooten's opening brief is that even though the Fourth Amended Complaint contains no citation to any specific, applicable federal statutory basis for jurisdiction, its factual allegations present a substantial question of federal law, and therefore the discrimination claims arise under federal law. *See* Aplt. Opening Br. at 7, 11-14. We reject this argument. "To determine whether a claim arises under federal law, courts examine the well-pleaded allegations of the complaint . . . ." *Devon Energy Prod. Co., L.P.*, 693 F.3d at 1202 (brackets and internal quotation marks omitted). "A case 'arises under' federal law under two circumstances: 'a well-pleaded complaint establishes either that federal

- 10 -

law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Gilmore v. Weatherford*, 694 F.3d 1160, 1170 (10th Cir. 2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).  Mr. Hooten's argument that his factual allegations present a substantial question of federal law appears to rest on the second half of this formulation, "[t]he 'substantial question' branch of federal question jurisdiction," which is "exceedingly narrow." *Id.* at 1171.  The difficulty for Mr. Hooten lies in the fact that both federal law (the ADEA and the ADA) and New Mexico law (the NMHRA) create causes of action for age and disability discrimination, so Mr. Hooten's right to relief on the state-law claims asserted in the Fourth Amended Complaint do not "necessarily depend[] on the resolution of a substantial question of federal law." *Id.* at 1170 (internal quotation marks omitted). In other words, Mr. Hooten's discrimination claims do not meet the first requirement necessary to establish "substantial-question" jurisdiction:  They do not "necessarily raise a federal claim." *Devon Energy Prod. Co., L.P.*, 693 F.3d at 1208 (discussing four requirements of substantial-question jurisdiction under *Grable & Sons Metal Products, Inc.*, 545 U.S. 308).  Simply put, Mr. Hooten could have asserted his age- and disability-discrimination claims under either state or federal law.  In the Fourth Amended Complaint, he pleaded them as state-law claims.  He cannot convert the state-law claims to federal claims by resorting to the "substantial-question" branch of federal-question jurisdiction.  That branch of the arising-under doctrine is

- 11 -

inapplicable, and the Fourth Amended Complaint does not assert any valid basis for federal-question jurisdiction.

## III.   CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court


Jerome A. Holmes
Circuit Judge