[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15466
_____

D.C. Docket No. 1:13-cv-00434-KD-N

WM MOBILE BAY ENVIRONMENTAL CENTER, INC.,

Plaintiff -
Counter Defendant -
Appellee,

versus

THE CITY OF MOBILE SOLID WASTE AUTHORITY,

Defendant -
Counter Claimant -
Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 2, 2016)

Before TJOFLAT and HULL, Circuit Judges, and MENDOZA,[*] District Judge.

PER CURIAM:

After a jury trial, several post-trial motions for judgment as a matter of law and for new trial, renewed motions, and a remittitur, the district court entered judgment in favor of the Plaintiff-Appellee WM Mobile Bay Environmental Center, Inc. ("WM Mobile") on the following claims against the Defendant-Appellant The City of Mobile Solid Waste Authority (the "Authority"): (1) breach of contract in Count I for damages in the amount of $1,369,771 related to price adjustments for waste disposal at the landfill; (2) breach of contract in Count III for damages in the amount of $1,082,753 related to reimbursements for capital expenditures; (3) breach of contract in Count IV for damages in the amount of $558,457 related to reimbursements for increased operating costs due to changes in applicable laws and regulations; (4) breach of contract in Count VII in the amount of $23,064.50 related to breach of the indemnification obligation; (5) breach of contract in Count X for damages in the amount of $3,000,000 related to WM Mobile's lost profits from the diversion of solid waste from the landfill from the period September 2007 through April 2011; and (6) declaratory judgment in Count XI setting the future rate of payment for solid waste disposal at $25.43 per ton.

---

[*]Honorable Carlos Eduardo Mendoza, United States District Judge, for the Middle District of Florida, sitting by designation.

The Appellant Authority appeals the verdict and all of the district court's multiple rulings and entries of final judgment on Counts I, III, IV, X, and XI. Because of the extensive litigation in the case, the parties are fully familiar with the factual and procedural background of this case, and thus we need not recount it. On appeal, the Authority raises these issues: (1) whether the Authority is an arm of the State of Alabama and thus not a citizen for purposes of diversity jurisdiction; (2) whether the record supports the fact that WM Mobile has its principal place of business in Alabama; (3) whether the contract requirements for rate changes and reimbursements were satisfied; (4) whether the Authority acted in bad faith; (5) whether the district court was authorized to set a new rate of payment for disposal of waste at the landfill; and (6) whether the district court erred in not excluding certain evidence at trial related to WM Mobile's lost profits.

After thorough review and oral argument, we conclude all of those arguments and issues lack merit and only two warrant discussion.

As to diversity jurisdiction, the Second Amended Complaint alleged that the Appellee WM Mobile was incorporated in Delaware and that its principal place of business was Madison, Mississippi. In its answer to that complaint, the Appellant Authority "Admitted" these factual allegations. After the jury trial and extensive post-trial proceedings, the Authority for the first time on appeal asserts that the evidence in the record "implies" that WM Mobile's principal place of business is

3

in Alabama.  If true, WM Mobile would be an Alabama citizen for purposes of 28 U.S.C. § 1332 and complete diversity would not exist.[1]

The fatal flaw in the Appellant Authority's entire argument is that it admitted sufficient facts to establish diversity jurisdiction on which the district court properly relied.  The Authority has offered no reason, much less a compelling reason, why the Authority should not be held to that factual admission, especially after a full jury trial and entry of final judgment in the district court.  "Consent of parties cannot give the courts of the United States jurisdiction, but the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission."  Ry. Co. v. Ramsey, 89 U.S. (22 Wall.) 322, 327 (1874); see also Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1177-78 (11th Cir. 2009) (examining contacts with the United States for a choice of law analysis and finding that parties are generally bound by their admissions and that the parties' denial of having a principal place of business in Florida was binding); In re CP Ships Ltd. Sec. Litig., 578 F.3d 1306, 1311 (11th Cir. 2009) (finding a factual challenge to jurisdiction raised for the first time on appeal was waived when the parties admitted facts demonstrating jurisdiction in the court below), abrogated in part by Morrison v. Nat'l Austl. Bank Ltd., 561 U.S. 247, 130 S. Ct. 2869 (2010).

---

[1] A corporation is a citizen of every state or foreign state within which it has been incorporated or has its principal place of business.  28 U.S.C. § 1332(c)(1).

As to the arm of the state issue, we conclude that the Authority's arguments have no basis in the law or the facts relevant to this case.  Our governing precedent in Coastal Petroleum Co. v. U.S.S. Agri-Chemicals, a Division of United States Steel Corp., 695 F.2d 1314 (11th Cir. 1983), sets forth the following analytical framework for this arm of the state issue:

> These factors have been approved by this circuit and are as follows: (1) whether the agency can be sued in its own name; (2) whether the agency can implead and be impleaded in any competent court; (3) whether the agency can contract in its own name; (4) whether the agency can acquire, hold title to, and dispose of property in its own name; and (5) whether the agency can be considered a "body corporate" having the rights, powers and immunities incident to corporations.

695 F.2d at 1318.

Each of the Coastal Petroleum factors shows that the Authority is an independent public corporation and is not an arm of the state.  The Authority can sue and be sued in its own name.  Ala. Code § 11-89A-8(a)(2).  The Authority can enter into contracts, agreements, leases, and other instruments as necessary to accomplish its goals.  § 11-89A-8(a)(12).  The Authority can also acquire and hold title to property.  § 11-89A-8(a)(5).

Moreover, the Authority is considered a corporate body.  The Authority is defined as a nonprofit "public corporation."  §§ 11-89A-2(2), 11-89A-19.  The Authority was created by the filing of a certificate of incorporation.  § 11-89A-

5

4(a).  A board of directors governs the Authority, exercises the powers of the Authority, and appoints its own officers.  §§ 11-89A-6(a), 11-89A-7.

In addition to the Coastal Petroleum factors, the Authority has the power to issue bonds.  § 11-89A-9(a).  The Authority is also largely free "from supervision and control of" the state in executing its functions:

> Except as expressly provided in this chapter, no proceeding, notice, or approval shall be required for the incorporation of any authority or the amendment of its certificate of incorporation, the purchase of any note or other instrument secured by a mortgage, deed of trust, note, or other security interest, the issuance of any bonds, the execution of any mortgage and deed of trust or trust indenture, or the exercise of any other of its powers by an authority.

§ 11-89A-13(a).  The Authority is also exempt from: taxation by a subdivision of the state, usury and interest laws, and competitive bid laws.  §§ 11-89A-16, 11-89A-17, 11-89A-18.

Given the Authority's broad powers and the lack of control over the Authority by the State of Alabama, we conclude that the Authority is not an arm of the State of Alabama as a matter of law.[2]  The Authority is thus a citizen for purposes of diversity, and the district court had jurisdiction to decide this case.

---

[2]The Authority does not appear to argue they are an arm of the state for purposes of the Eleventh Amendment or sovereign immunity.  Rather, their arm of the state contention relates to the claim that they are the state and not a citizen of Alabama and, therefore, not a citizen for purposes of § 1332.

6

Accordingly, we affirm the district court's rulings and entry of final judgments in this case.

**AFFIRMED.**