CECILIA M. ALTONAGA, UNITED STATES DISTRICT JUDGE
THIS CAUSE came before the Court on Plaintiff, George Bentley's Motion for Remand and Attorney's Fees [ECF No. 12 ], filed February 2, 2019. Defendant, Miami Air International, Inc. filed a Response [ECF No. 13 ], to which Plaintiff filed a Reply [ECF No. 15 ]. The Court has carefully considered the Notice of Removal [ECF No. 1 ], the Complaint (see [ECF No. 1-1] 6-10[1] ), the Removal Status Report [ECF No. 7 ], the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is granted.
I. BACKGROUND
Plaintiff used to work for Defendant as a pilot at Defendant's principal place of business in Miami, Florida. (See Compl. 6-8). On December 12, 2018, Plaintiff filed a one count Complaint in the Eleventh Circuit in and for Miami-Dade County against Defendant, alleging retaliation in violation of the Florida Civil Rights Act ("FCRA"). (See id. 9-10).
On January 18, 2019, Defendant filed its Notice of Removal, stating the Court has subject matter jurisdiction over the Complaint under 28 U.S.C. sections 1331and 1332(a)(1). (See generally Notice of Removal). First, as to federal question jurisdiction under section 1331, Defendant stated "[b]ecause the Complaint asserts claims under federal law , the Court has original subject matter jurisdiction pursuant to 28 U.S.C. [section] 1331." (Id. ¶ 3 (alterations and emphasis added) ). Second, as to diversity jurisdiction under section 1332(a)(1), Defendant stated Plaintiff "was no longer *1340 residing in Florida" but was rather "a resident of Maine." (Id. ¶ 4). According to Defendant, because it is a Florida corporation with a principal place of business in Miami, Florida, there is complete diversity between the parties, and removal was appropriate. (See id. ).
Defendant then filed a Removal Status Report on January 24, 2019. (See generally Removal Status Report). In it, Defendant referred to an earlier action under the Age Discrimination in Employment Act ("ADEA") and the FCRA before another judge in this District in case number 16-cv-24607 (the "Initial Action"). (See id. 1). Defendant explained that Plaintiff's claim here arises out of Defendant's retaliatory conduct after Plaintiff filed the Initial Action. (See id. 2). As for the grounds of removal for this action, Defendant again stated:
a. Federal question. The complaint asserts claims under federal law .
b. Diversity Jurisdiction. Plaintiff and Defendant are citizens of different states -- Maine and Florida. Damages calculated from the prior litigation would exceed $ 75,000.00.
(Id. 2 (emphasis added) ).
Plaintiff filed the present Motion for Remand, contending the action properly belongs in state court. (See generally Mot.). Plaintiff also seeks attorney's fees and costs, asserting Defendant's removal was objectively unreasonable. (See id. ).
II. LEGAL STANDARD
Under 28 U.S.C. section 1447(c), a federal court must remand an action that has been removed from state court if it appears the removal was improper. "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co. , 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (alteration added; citation omitted). Due to federalism concerns, federal courts strictly construe the requirements of removal jurisdiction and remand all cases in which jurisdiction is doubtful. See Allen v. Christenberry , 327 F.3d 1290, 1293 (11th Cir. 2003) ; see also Univ. of S. Ala. v. Am. Tobacco Co. , 168 F.3d 405, 411 (11th Cir. 1999). When the parties disagree on the existence of jurisdiction, "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co. , 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).
"The existence of federal jurisdiction is tested at the time of removal." Adventure Outdoors, Inc. v. Bloomberg , 552 F.3d 1290, 1294-95 (11th Cir. 2008). The Court thus focuses on jurisdictional facts as they existed when Defendant filed its Notice of Removal. See Burns , 31 F.3d at 1097 n.13 ("Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal." (emphasis and citations omitted) ).
III. DISCUSSION
A. The Parties' Briefing
Plaintiff's argument is straightforward. First, Plaintiff contends there is no federal question jurisdiction as a "cursory review of Plaintiff's Complaint reveals that there are no allegations of or claims brought pursuant to the ADEA or any other federal law; rather, Plaintiff's Complaint includes only a single cause of action under Florida Law." (Mot. 2). Next, Plaintiff points out that after he apprised Defendant "of the impropriety of removal on that basis under the Forum Diversity Rule, Defendant ultimately conceded that this was not a proper basis for removal." (Id. ). Nevertheless, Defendant still "refused to concede [ ] there [was] also no basis for removal based on federal question, despite the fact that the Plaintiff's *1341 claim ha[d] been brought solely under state law." (Id. (alterations added) ).
Turning to whether removal based on federal question jurisdiction was proper, Plaintiff's counsel informed Defendant's counsel that no federal law claim was alleged in the Complaint, and that the mere reference to an Equal Employment Opportunity Commission ("EEOC") charge or previous federal ADEA lawsuit did not create a federal question. (See Mot. 6-7). Defendant again reiterated its opposition, forcing Plaintiff to file the present Motion to Remand. (See id. 7).
In its Response, Defendant abandons its conclusory assertion federal question jurisdiction exists under 28 U.S.C. section 1331 through an express claim under federal law made by Plaintiff. (See Resp. 1). Instead, recognizing that Plaintiff only alleges a single claim under state law, Defendant insists the state-law claim necessarily raises substantial federal issues under the ADEA to confer federal question jurisdiction. (See generally id. ).
To justify removal, Defendant points to state courts' reliance on federal courts' interpretations of federal discrimination laws. (See id. 1). Defendant also asserts the following issues derive "from a common nucleus of operative facts" to an ADEA claim: whether Plaintiff complied with the EEOC's administrative procedures and adhered to them prior to filing suit; whether Plaintiff's lawsuit should be allowed considering the doctrine of res judicata bars the suit; whether Defendant was under any obligation to employ Plaintiff after his mandatory retirement at age 65; whether Plaintiff should be barred from filing suit because the retaliatory conduct arose before the Initial Action had concluded; and whether Defendant unlawfully retaliated against Plaintiff in violation of the ADEA. (See id. 5-6 (citing cases) ). Defendant contends these are federal questions "disputed and substantial and will not tilt any congressionally approved balance of federal and state judicial power." (Id. 5 (citing cases) ).
B. Merits of Remand
1. Diversity Jurisdiction
The Court agrees with the parties that under the forum defendant rule, diversity jurisdiction cannot serve as the basis for removal here. Defendant's counsel, for good reason, conceded this fact in an email to Plaintiff's counsel on January 28, 2019. (See Mot. 6). Because Defendant is a Florida corporation with its principal place of business in Miami, Florida, any removal based on diversity jurisdiction was clearly improper. See Tillman v. R.J. Reynolds Tobacco , 253 F.3d 1302, 1305 (11th Cir. 2001) ("For removal under 28 U.S.C. [section] 1441 to be proper, no defendant can be a citizen of the state in which the action was brought." (alteration added; citing 28 U.S.C. § 1441(b) ) ).
2. Federal Question Jurisdiction
A case arises under federal law in two ways. See Gunn v. Minton , 568 U.S. 251, 257, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013). First, "a case arises under federal law when federal law creates the cause of action asserted." Id. (citation omitted). Second, "where a claim finds its origins in state rather than federal law ... [the Supreme Court] has identified a special and small category of cases in which arising under jurisdiction still lies." Id. at 258, 133 S.Ct. 1059 (alterations added; internal quotation marks and citation omitted). In establishing the "contours of this slim category," the Supreme Court has set out a four-element inquiry, each element of which needs to be established before conferring federal question jurisdiction. Id. Federal jurisdiction over a state law claim will lie if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, *1342 and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id.
The Court addresses both possible bases for federal question jurisdiction in turn.
a. Whether Federal Law Creates the Cause of Action Asserted
The first way federal question jurisdiction may exist can be dispensed with easily here. Defendant concedes the Complaint only alleges one FCRA claim, a state law claim. (See generally Resp.). That claim evidently does not find its "origins" in federal law.
b. Whether Plaintiff's FCRA Claim Necessarily Depends on Resolution of a Substantial Question of Federal Law
The second way federal question jurisdiction may be conferred fares no better. In a last-minute effort to salvage its removal, Defendant now asserts a basis never previously referenced -- that Plaintiff's state law claim in his Complaint necessarily raises substantial federal issues. The Court first addresses whether any federal issues are "necessarily raised," and then turns to whether any necessarily raised federal issues are "substantial" and "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id.
i. Whether a federal issue is necessarily raised
A federal question is not necessarily raised when it is not an "essential element" of a plaintiff's state-law claim. Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg. , 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Here, it is not necessary for the parties to address any federal issues under the ADEA to resolve Plaintiff's FCRA claim. See Dube v. LDRV Holdings Corp. , No. 8:15-CV-1187-T-30AEP, 2015 WL 3915658, at *3 (M.D. Fla. June 25, 2015) (holding the plaintiff's "retaliation claim under the FCRA does not require the interpretation of federal law and does not implicate significant federal issues." (citation omitted) ).
Defendant's argument Plaintiff's FCRA claim is embedded with federal issues because the Complaint was filed after Plaintiff had filed a Charge of Discrimination with the EEOC asserting retaliation in violation of both the ADEA and the FCRA, fails to persuade. As Plaintiff notes, the FCRA specifically permits a person to file a claim under the FCRA with the EEOC. See Fla. Stat. § 760.11 ("[A] complaint under this section may be filed with the federal Equal Employment Opportunity Commission ...." (alterations added) ); see also Dube , 2015 WL 3915658, at *3 (holding the plaintiff's "choice to file [ ] her charge with the EEOC does not necessarily mean that her claim did not arise under the FCRA since the EEOC can investigate claims arising under the FCRA" (alteration added) ).
That Plaintiff also asserted retaliation under the ADEA to the EEOC does not render the FCRA claim one necessarily implicating federal issues. See Dean v. BAC Home Loans Servicing, LP , No. 2:11-cv-785-MEF, 2012 WL 353766, at *3 n.1 (M.D. Ala. Feb. 3, 2012) (holding that even though the plaintiff could have chosen to assert the related federal claim, "the fact remains that they did not, and the Court is unaware of any authority suggesting that [the relevant state law claim] should be transformed into a federal law [ ] claim." (alterations added; citations omitted) ); see also Burton v. Coburn , No. 1:08-CV-35, 2008 WL 2178057, at *1 (W.D. Ky. May 23, 2008) (holding that even though plaintiff "could have brought his age discrimination claim under the ADEA, he chose to rely exclusively on [ ] state law for relief" and "federal law does not create the Plaintiff's cause of action [where] the [p]laintiff's right to relief in no way depends upon the *1343 resolution of a substantial question of federal law ...." (alterations added) ).
Defendant's argument that state courts often rely on federal court interpretations of analogous federal discrimination laws to inform the construction of the FCRA is likewise unpersuasive. That a state court might rely on federal courts' interpretation of analogous state statutes does not transform a state-law claim into one that confers federal question jurisdiction. In Frey v. Amor Correctional Health Services, Inc. , No. CIV 06-60049, 2006 WL 4535802 (S.D. Fla. Mar. 10, 2006), another court in this District made the following pertinent observation, equally applicable here:
Although federal law can be used to aid Florida's court in interpreting the FCRA, it does not follow that courts must interpret federal law in order to decide a claim for violation of the FCRA. Further, there is no indication that a Title VII violation is an essential element of Plaintiff's claim for violation of the FCRA. Plaintiff's claims under the FWA and the FCRA do not require the interpretation of federal law, and therefore, this Court does not have federal question jurisdiction over the claims.
Id. at *3.
In short, Plaintiff is the "master" of his Complaint and is "free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." Hill v. BellSouth Telecomms., Inc. , 364 F.3d 1308, 1314 (11th Cir. 2004) (internal quotation marks and citation omitted; alterations added) ). Plaintiff's claim under the FCRA is thus "not within the special and small category of state law claims which arise under federal law within the meaning of 28 U.S.C. [section] 1331." Newton v. Duke Energy Fla., LLC , 895 F.3d 1270, 1273 n.4 (11th Cir. 2018) (internal quotation marks and citations omitted; alteration added).
ii. Whether a federal issue is substantial and capable of resolution in federal court without disrupting the federal-state balance
In any event, Defendant fails to show any raised federal issues are substantial or capable of resolution without disrupting the federal-state balance. Courts use three factors to determine whether a federal issue stemming from state-law claims is substantial to give rise to federal subject matter jurisdiction.
First, a pure question of law is more likely to be a substantial federal question .... Second, a question that will control many other cases is more likely to be a substantial federal question .... Third, a question that the government has a strong interest in litigating in a federal forum is more likely to be a substantial federal question.
MDS (Canada), Inc. v. Rad Source Techs., Inc. , 720 F.3d 833, 842 (11th Cir. 2013) (alterations added; internal citations omitted).
The court in MDS (Canada) held the patent infringement issue there was not substantial, concluding the district court lacked subject matter jurisdiction. See id. at 842. The Eleventh Circuit reasoned the question of patent infringement was "heavily fact-bound and situation specific," requiring "a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law." Id. (internal quotation marks and citations omitted). The MDS (Canada) court also reasoned the case was not likely to control future cases because "the highly specialized nature of patent claims and the niche market for the [devices] suggest[ed] that the resolution of th[e] issue [was] unlikely to impact any future constructions of claims." Id. (alterations added). Given the *1344 fact-specific nature of the patent issue, the government's interest was minimal. See id.
Applying these factors, the Court finds the purported federal issues such as "whether the Defendant was under any obligation to employ Plaintiff after his mandatory retirement at age 65" and "whether Defendant unlawfully retaliated against Plaintiff in violation of the ADEA" (Resp. 5) are far from substantial. Plaintiff's FCRA claim is similarly fact-specific and will not result in resolving a general question of disability discrimination or adverse employment actions likely to affect future cases.[2] Defendant's assertion of federal question jurisdiction is thus meritless.
C. Attorney's Fees and Costs
When a case is remanded due to improper removal, the court may award the plaintiff attorney's fees and costs. See 28 U.S.C. § 1447(c). The Supreme Court has established a standard to guide district courts in deciding whether to award attorney's fees and costs upon remand. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp. , 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (alteration added). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id.
The Eleventh Circuit has noted the reasonableness standard enunciated by the Supreme Court was meant to balance " 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.' " Bauknight v. Monroe Cty. , 446 F.3d 1327, 1329 (11th Cir. 2006) (footnote call number omitted) (quoting Martin , 546 U.S. at 140, 126 S.Ct. 704 ). Thus, "there is no indication that a trial court should ordinarily grant an award of attorney's fees whenever an effort to remove fails." Kennedy v. Health Options, Inc. , 329 F.Supp.2d 1314, 1319 (S.D. Fla. 2004) (citation omitted).
An objectively reasonable basis for removal is lacking here. Remarkably, and rather tellingly, Defendant seems to have recognized the error of its removal in its Answer [ECF No. 17 ] filed just last week. In it, Defendant asserts the "Court lacks subject matter jurisdiction of [sic] Plaintiff's [C]omplaint." (Id. ¶ 32 (alteration added) ). The Court has painstakingly outlined every basis Defendant has asserted to justify removal -- since the filing of the Notice of Removal over a month ago, up until Defendant's Response to Plaintiff's Motion to Remand. At no point has Defendant supplied an "at least arguably rational" basis for removal. In re Trasylol Prods. Liab. Litig. , 754 F.Supp.2d 1331, 1338 (S.D. Fla. 2010).
First, as to Defendant's reliance on diversity jurisdiction for removal, the Court takes notice that Defendant's recognition of the forum defendant rule came after its counsel filed a Notice of Removal and Removal Status Report. In both, Defendant *1345 represented that removal was proper because there was complete diversity between the parties and the amount-in-controversy requirement had been met. (See Notice of Removal ¶ 4; see also Removal Status Report 2). As Defendant now recognizes, this showing is plainly insufficient for removal purposes as Defendant, the removing party, is a Florida citizen. (See generally Resp.).
Section 1441(b)(2) could not be clearer: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought ." 28 U.S.C. section 1441(b)(2) (emphasis added). Because Defendant is a Florida corporation with a principal place of business in Miami, Florida, Defendant is a Florida citizen and removal from Florida state court was clearly improper.
Second, with respect to Defendant's assertion of federal question jurisdiction, the Court again looks to the remarkably inaccurate claims Defendant made before Plaintiff filed his Motion to Remand. In its Notice of Removal, Defendant first asserted "[b]ecause the Complaint asserts claims under federal law , the Court has original subject matter jurisdiction pursuant to 28 U.S.C. [section] 1331." (Notice of Removal ¶ 3 (alterations and emphasis added) ). Of course, and as noted, Plaintiff's single claim arises under the FCRA, a claim stemming from Florida state law. At best, Defendant made a typographical error in filing its Notice of Removal. At worst, Defendant was entirely unaware that the one claim in Plaintiff's Complaint arose under state law.
Regrettably, Defendant doubled-down on this factually incorrect assertion in its Removal Status Report. As the basis for federal question jurisdiction, Defendant stated the "complaint asserts claims under federal law." (Removal Status Report 2). Again, this was either a careless submission, or a disregard for the actual allegations in Plaintiff's Complaint. Neither scenario tilts in favor of objective reasonableness.
Finally, as to Defendant's newest assertion that Plaintiff's FCRA claim necessarily raises substantial federal issues, the Court notes Defendant has pointed to no authority where a state-law analogue to the FCRA alone supported federal question jurisdiction. To the contrary, courts have rather uniformly deferred to plaintiffs who have exclusively alleged state-law claims in the employment discrimination context. See Hooten v. Ikard Servi Gas , 525 F. App'x 663, 669 (10th Cir. 2013) (holding the plaintiff cannot convert the state-law claims to federal claims where he "could have asserted his age- and disability-discrimination claims under either state or federal law" but chose instead to "plead[ ] them as state-law claims." (alteration added) ); see also Malone v. Husker Auto Grp., Inc. , No. 4:08CV3199, 2008 WL 5273670, at *5 (D. Neb. Dec. 17, 2008) ("Even if the factual allegations of the complaint could support claims under both federal and state law, a case does not arise under federal law if the plaintiff relies on only state law as a basis to recover for termination of his employment." (citation omitted) ). Defendant's claim that substantial federal questions are necessarily subsumed within a state-law claim for retaliatory conduct against a former employer is thus objectively unreasonable.
Defendant's sole argument against the imposition of attorney's fees is that removal is only improper if "diversity is the sole basis for removal." (Resp. 5). As noted, however, that the forum defendant rule applies where an action is removed "solely" based on diversity jurisdiction is of no *1346 moment considering federal question jurisdiction is also absent here.
In sum, every basis Defendant has offered for the existence of subject matter jurisdiction over Plaintiff's Complaint is without merit. Removal was objectively unreasonable from the beginning. The Court thus grants Plaintiff's request for an award of attorney's fees. See Owens v. Moreland , No. 2:15-cv-80-FtM-29DNF, 2015 WL 2200352, at *2 (M.D. Fla. May 11, 2015) (granting request for attorney's fees under 28 U.S.C. section 1447(c) where removal "was unreasonable from the beginning" and "there was no federal claim or any arguable basis for a federal issue.").
IV. CONCLUSION
For the foregoing reasons, it is
ORDERED AND ADJUDGED that Plaintiffs' Motion to Remand [ECF No. 12 ] is GRANTED . The case is REMANDED to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Defendant shall pay Plaintiff his reasonable attorney's fees and costs incurred because of the objectively unreasonable removal pursuant to 28 U.S.C. section 1447(c). Should the parties be unable to reach agreement on the amount of fees, Plaintiff may not file a motion for fees until the state court action is concluded.
DONE AND ORDERED in Miami, Florida, this 26th day of February, 2019.

The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

From the substantiality inquiry, it follows that exercising jurisdiction here would also disturb "the congressionally approved balance of federal and state judicial responsibilities." Gunn , 568 U.S. at 258, 133 S.Ct. 1059. (citation omitted). Given the absence of a substantial issue of federal law, there is a stronger interest in allowing state courts to resolve claims arising under state law. See id. at 264, 133 S.Ct. 1059